*1302 On Application por Rehearing.
The gravamen of plaintiff’s'complaints in the application for a rehearing are: That the court has not passed on the bill of exceptions taken by it to the judge’s charge contained in the record and referred to in the original brief;
That the court and jury decided issues not presented by the pleadings, and ultra petitem;
That the decision is not accordant with a former decision, New Orleans, Fort Jackson & Grand Isle Railroad Company vs. Mrs. Elizabeth Barton, 43 An. 171;
That the amount allowed is too large.
The District Court refused to charge the jury that any damages suffered by the defendant could be offset by any improvements or advantages accruing to defendant by reason of the construction of plaintiffs on or near the property sought to be expropiiated.
During the examination of the witnesses the plaintiff introduced evidence of a change made by it, in the location of a levee, of the drainage of property, and other improvements beneficial to defendant (it was alleged). The District Judge was not impressed by the evidence of drainage and improvements. He determined that whatever benefits were realized by the plaintiff were not chargeable to the defendant as an offset to the value of the property plaintiff sought to expropriate.
The issue was the “value of the land described in the petition with its improvements and what damages, if any, the owner would sustain in addition to the loss of land by expropriation.” Sec. 1481 R. S. The theory and conclusion of our original opinion were that the District Judge did not err in confining the issue under the terms of the statute and in refusing to give the instructions requested.
WITH REFERENOE TO THE DECISION BEINI ULTRA THE ISSUES OF THE CASE.
The facts are that although the defendant after the verdict discontinued her demand for damages in order to defeat plaintiff’s right of appeal; the jury had not allowed any damages, as will be seen by the verdict.
“ We fix the value of the land expropriated at $500.”
The defendant abandoned'a claim rejected by the jury, also one dollar on the value of the land expropriated.
*1303 The question of the value of the land remained an issue.
The defendant was not committed by an admission as to the value.
There was a defence interposed.
Even without a defence on the confirmation of a default in expropriation proceedings it would have been the jury’s function to assess the correct value of the land.
RELATIVE TO THE DECISION IN THE BARTON CASE CITED AND COMMENTED UPON, AND TO THE AMOUNT OE THE VERDICT.
The facts are not absolutely the same in the case cited and the case here.
It was in proof that the land in controversy in the Barton case • was part of the batture and subject to overflow every year.
In the case here there is no such damaging proof.
We thought and still think that the jury, commended by the District Judge as “ exceptionally intelligent and a careful body of men,” who had visited the premises in question “ at the request of both parties,” had correctly fixed the value of the land.
The verdict of the jury was unanimous.
In Telegraphic Cable Co. vs. Railway Co., 43 An. 522 and 523, this court said:
“ It has long been held in this State that the jury of freeholders, authorized by our laws to act in expropriation proceedings, have, to some extent, the character and authority of experts supposed to have some personal knowledge of the matters submitted to them, and authorized to rely in their opinions as well as on the testimony adduced before them. Their verdicts are, indeed, subject to review by appeal, and may be amended when manifestly inadequate or excessive, but they are entitled to great respect, and will Dot be interfered with, except in cases of gross or manifest error.” Citing Carrollton Railroad vs. Avart, 11 La. 190; Remy vs. Municipality, 12 An. 500.
Here, as in that case, the award has no feature “ of gross and manifest excess.”