Eastern Dist.
*May*, 1837.

CARROLLTON
RAIL ROAD CO.
*vs.*
AVART.

CARROLLTON RAIL ROAD COMPANY *vs.* AVART ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The verdict of a jury, who are sworn as appraisers of certain lands, which are to be appropriated to the use of a rail road, will not be set aside, on the certificate of one of the jury, and the opinion of witnesses, that their estimate of damages *is too high*, when there is no evidence of misconduct or misbehaviour in the jury who went on the land.

This case was before the court on a former occasion, and remanded. See 9 *Louisiana Reports*, 205.

The material facts elicited on the last trial, are stated in the opinion of the court, which follows.

*J. Slidell*, for the plaintiffs.

*Canon, contra.*

*Bullard, J.*, delivered the opinion of the court.

This case was before us at March term, 1836, and was then remanded for further proceedings, this court being of opinion, that the Rail Road Company having possessed themselves of the land over which their road runs, was not precluded from proceedings, in order to have the same adjudicated to them, according to the provisions of their charter. See 9 *Louisiana Reports*, 205.

Accordingly, a jury of freeholders was named, who estimated the damage to Drouet at two thousand four hundred dollars; to Toledano at two thousand four hundred dollars, and to Avart at two thousand five hundred dollars. One of the jurors dissented, and certifies it as his opinion, that, considering the advantage the parties will derive from having the rail road running through their lands, they were entitled to only two thousand dollars each.

The counsel for the company took a rule on the defendant, to show cause why the estimate of the damages sustained by them, should not be set aside and reduced, or a new valuation be ordered, on the ground that the damages allowed by the jury are unreasonable and exorbitant.

EASTERN DIST.
*May*, 1837.

CARROLLTON
RAIL ROAD CO.
*vs.*
AVART.

On the trial of this rule, it appears by a bill of exceptions, that the plaintiffs offered T. C. Cash and others, to prove that the damages allowed to the defendants were extravagant and exorbitant, and that the damage really sustained was much less than those assessed by the jury. The court refused to receive their testimony, being of opinion that the finding of the jury was conclusive, unless attacked on the ground of informality, or corruption or mal-practice on the part of the jury.

We are of opinion the parish judge did not err. The jury composed of freeholders of the vicinage, was sworn to examine the lands belonging to the defendants, and to ascertain to the best of their knowledge and belief, the damages they would sustain by the appropriation of their land to the use of the corporation. They are not to be governed by the opinions of others, but to ascertain the damages to the best of their knowledge and belief. The testimony of the witnesses offered, must amount, after all, to a mere opinion, and ought not to outweigh the opinion and award of sworn appraisers, after examining the land, especially when it does not appear that the witnesses possessed superior means of information on the subject. The evidence upon which the jury proceeded, is not before the court, and it is manifestly impossible to ascertain whether their finding was justified by the truth of the case.

*The verdict of a jury who are sworn as appraisers of certain lands which are to be appropriated to the use of a rail road, will not be set aside on the certificate of one of the jury and the opinion of witnesses, that their estimate of damages is too high, when there is no evidence of misconduct or misbehaviour in the jury, who went on the land.*

It must not be overlooked, that the parties stand on very different grounds. The defendants are owners of the land, and are not willing to sell, unless the price they have fixed upon their own property be paid. The plaintiffs can compel them to surrender the land, on paying a compensation to be settled by a jury; but at the same time they are not obliged, and cannot be compelled to purchase at any price. If they are dissatisfied with the estimate, they may desist. It is

optional with them to take the land, or let it alone. If they have already taken possession, they did so at their own peril, and their act ought not to render the condition of the defendants more onerous. Whenever, in derogation of common right, the law indicates a proceeding by which private property may be taken for public uses, without the express assent of the owner, it must be rigorously pursued. In such cases, the finding of a jury of freeholders ought to be conclusive, unless, perhaps, in cases where the misbehaviour of the jury may be inferred, from the manifest inadequacy or exorbitancy of the damages awarded.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.