## No. 10,815.

THE POSTAL TELEGRAPHIC CABLE COMPANY VS. THE LOUISVILLE, NEW ORLEANS AND TEXAS RAILWAY COMPANY.

1. An attorney at law is presumed to have authority to represent the client in whose name he acts, and denial of such authority will not be noticed unless supported by affidavit.
2. The jury of free holders appointed in expropriation proceedings, have, to some extent, the character and authority of experts. Their verdict, though subject to appeal, will not be interfered with as to *quantum* unless grossly and manifestly excessive or inadequate.
3. In absence of proof that the particular property expropriated is subject to mortgage, payment to owner will be decreed.
4. The property condemned must be expropriated as an *integer*, and not subject to the option of petitioner as to how much thereof he will take.

APPEAL from the Twenty-Third District Court, Parish of Iberville. Talbot, J.

*John R. Beckwith* for Plaintiff and Appellant, cited: R. S., Sec. 701; New Orleans and Opelousas Railroad Co. vs. Lagard, 10 An. 158; Vicksburg and Shreveport Railroad Co. vs. Calderwood, 15 An. 481; New Orleans Pacific Railroad Co. vs. Gay, tutor, 31 An. 431; Railroad Co. vs. Dillard, 35 An. 1005; Railroad Co. vs. Francis, 70 Ills., 238; Snyder vs. Railroad Co., 25 Wys. 60; Railroad Co. vs. Capps, 67 Ills. 607; Pierce on Railroads, 213; Schuylkil Navigation Co. vs. Farr, 4 Watts & S. 362; Rover on Railroads, 378, 383; Sutherland on Damages, 442; Troy and Boston Railroad Co. vs. Turnpike Company, 16 Bob. 100; Railroad Co. vs. Old Colony Railroad Co., 12 Quish (Mass.); Ricket vs. Metropolitan Railroad, 2d English and Irish Repeals (Law Reports), 175; Mills on Eminent Domain, par. 159, p. 194; Section 698, R. S., in so far as it relates to the plan to be filed with the petition in expropriation proceedings is directory, not mandatory; Remy vs. Municipality, No. 2, 12 An. 500; Telegraph Co. vs. Railroad, 37 An. 883.

---

*Hewes T. Gurley* and *Farrar, Jonas & Kruttschnitt* for Defendant and Appellee:

1. Plaintiff has attempted but failed to prove any corporate action by it in compliance with the terms of its charter to authorize the expropriation of defendant's property or of any rights thereon.
2. Where property is expropriated, the least possible interest in it consistent with the purposes for which it is required, is to be condemned. This is true upon principle, and is consecrated as to telegraph companies, in this State by statute.
   (*a*) Upon principle: Lewis on Eminent Domain, Sec. 278.
   (*b*) By statute: Act No. 124, Acts of 1880.
   The judgment in this case should be amended to conform to these principles.
3. The judgment of the lower court, in so far as it decrees that the amount of damages allowed by the jury should be paid into court, and not to the defendant, is clearly erroneous for several reasons:
   (*a*) Because the record failed to show any mortgage bearing upon this property or rights sought to be condemned.
   (*b*) Because no mortgage does or can exist on the judgment for damages.
   (*c*) Because plaintiff in its petition claims no such right; but distinctly prays that the sum awarded be paid to defendant.
   (*d*) Because the Constitution of 1879, Article 156, which was subsequent in date to the statute providing for the payment of money into court, provides specifically that private property shall not be taken or damaged for public purposes without just or adequate compensation being first paid.
   A payment into court may indeed be security for the payment to the defendant, but it is not payment to it.
   Since the adoption of the Constitution the only way in which plaintiff could protect itself against mortgages, if any existed, would have been by making any alleged mortgagees parties. This, we asked to have done, and plaintiff declined

4. Upon the record, the valuation placed by the jury on the rights expropriated, and the amount allowed by it for damages, is a very low and conservative one. This court can certainly not disturb the verdict and judgment upon any evidence in the record. It could at most but remand the case, which is not asked by plaintiff.

The proper measure of recovery in expropriation cases is the value of the property condemned, fixed upon the basis of its adaptability for the purposes for which condemned, and this is evidently the valuation adopted by the jury. Boom Company vs. Patterson, 98 U. S. 403.

5. The lower court erred in admitting improper evidence against us, which ruling was duly excepted to. The evidence in question was evidence of alleged benefits to be derived by defendant from the construction of plaintiff's line of telegraph. This evidence was inadmissible under C. C. 2633.

The lower court also erred in excluding the evidence of the cost of clearing and keeping clear the right of way—evidence clearly admissible to show peculiar adaptability and value of the right of way for telegraph purposes.

---

The opinion of the court was delivered by

FENNER, J. This is an appeal from the finding of a jury of free-holders in an expropriation proceeding instituted to condemn so much of the land occupied by the defendant as its railroad and right of way, as is necessary for the establishment and erection of a telegraph line by the plaintiff company.

The appeal involves only three controverted questions, viz: (1) certain exceptions interposed by defendant; (2) the *quantum* of the verdict and judgment; (3) the form of the judgment.

## I.

The exceptions are all waived except one, viz: absence of authority from the Board of Directors of the plaintiff company to institute these proceedings. The suit is filed in the name of the corporation by an attorney of this court. His authority to represent his client is presumed, and denial thereof, unless supported by affidavit, will not be noticed. Hennen's Dig. Attorney, II. The allegation is unsupported, either by affidavit or proof.

## II.

The jury allowed compensation to the defendant at $50 per mile. The plaintiff complains that this is excessive. The evidence as to value found in the record is vague and unsatisfactory, and if we were to disturb the finding of the jury, it would not enable us to fix any definite value more satisfactory to our own minds.

It has long been held in this State that the jury of freeholders, authorized by our laws to act in expropriation proceedings, have, to some extent, the character and authority of experts, supposed to have some personal knowledge of the matters submitted to them, and authorized to rely on their own opinions as well as on the testimony adduced before them. Their verdicts are, indeed, subject to review by appeal, and may be amended when manifestly inadequate or excessive; but they are entitled to great respect and will not be interfered with except in case of gross or manifest error. Carrollton R. R. vs. Avart, 11 La. 190; Remy vs. Municipality, 12 An. 500.

The award of $50 per mile presents no feature of such gross and manifest excess as would authorise our interference. It must stand.

### III.

The plaintiff joins in the appeal and complains of the judgment in several respects.

(1) It complains that the judgment, instead ordering the money to be paid to plaintiff, directs that it be paid into court, on the ground that the property expropriated is affected with liens and mortgages. There is no proof that this particular property is subject to liens and mortgages. The certificate produced exhibits sundry mortgages inscribed against defendant but without specifying the property on which they bear. Moreover, defendant claimed that the mortgagees should be made parties, which plaintiff successfully opposed. We think this amendment should be allowed.

2. It complains that the judgment only requires payment of $50 " for each mile that petitioners shall take of said property," thus leaving it optional with them to take as many or as few miles as they choose. This complaint is just. The petition claimed expropriation for the whole distance between the northern boundary of the parish of Orleans, and the northern boundary of the State, as an *integer*, and the judgment should go accordingly.

No further amendment is necessary. The references to the petition sufficiently define the character and extent of the expropriation. The amount to be paid for will be the actual number of miles between the two points indicated.

It is therefore adjudged and decreed that the judgment appealed from be amended so as to read as follows: " Considering the verdict of the jury and the law, it is adjudged and decreed that the

property described in the petition herein is hereby condemned and adjudged to said petitioner, the Postal Telegraph Cable Company, for the purposes and subject to the conditions set forth and prayed for in said petition, the same to vest in said petitioner when the payment of the amount of said verdict, viz: $50 for each mile of actual distance along the defendant's road, between the northern boundary of the parish of Orleans and the northern boundary of the State, shall be actually paid or tendered to defendant according to law,' and not until then; and that the said petitioner pay all costs, and that, as thus amended, said judgment be now affirmed, appellant to pay all cost of this appeal.