No. 10,914.

JULES C. EYRICK vs HIS CREDITORS.

The right to require security by a creditor from a debtor who has been granted a respite is absolute under the provisions of Act 134 of 1888, and the creditor is not limited in time to require the security.

APPEAL from the Civil District Court for the parish of Orleans. *Ellis, J.*

*Rice & Armstrong* and *E. T. Florance* for Plaintiffs and Appellees.

*Gus. A. Breaux*, Contra.

The opinion of the court was delivered by

McEnery, J.   J. C. Eyrick applied for a respite, which was unanimously 'granted by the creditors who appeared and voted at the meeting of creditors.   The respite was confirmed by a judgment. Certain creditors who took no part in the proceedings of the meeting of creditors and who did not oppose the homologation of said proceedings, took a rule against the plaintiff to compel him to give security in accordance with the provisions of Act 134 of 1888.   The rule was made absolute and the plaintiff appealed.

The question presented is, can a debtor who has obtained a respite by the unanimous vote of creditors appearing at the meeting of creditors be compelled to give security to a creditor who did not appear at said meeting and who did not oppose his application for respite and the homologation of the proceedings of the meeting of creditors.

The act referred to provides that "any creditor who has not assented to the respite may require that the debtor shall furnish security; that the property of which he is left in possession shall not be alienated, or in case it is, that the money arising from the sale or mortgage of the same shall be employed in paying ratably the debts existing at the time of the respite."

The creditor can not exercise this right until the respite has been granted.   He is not limited to any period of time beyond which he can not exercise this right.   It is an absolute right conferred by the statute.   It does not appear that the complaining creditors either expressly or tacitly assented to the respite.

Judgment affirmed.