The opinion of the court was delivered by
Watkins, J.
This is an appropriation proceeding and for the purposes of convenience and accuracy of statement we have made the following extract from plaintiff’s brief, viz,:
*1274 “ Statement of Case.
“This is an expropriation proceeding. The plaintiff railroad company was organized January 17, 1895, by act before H. T. Gurley, notary public, for the purpose of constructing a ‘ railroad with allproprer turnouts, side tracks, switches and spurs, from some point on the Mississippi river in the parish of Orleans, or St. Bernard as the Board of Directors might elect, through the parishes of Orleans and Jefferson to some point on the east bank of the Mississippi river in the parishes of Jefferson, St. Charles or St. John the Baptist, most convenient for crossing said river; thence to the western boundary of the State by the most direct, convenient and approved route to be selected by the Board of Directors, there to connect with a line of road to be constructed in the State of Texas direct to, Dallas in said State.’ The object of this action is to expropriate a right of way through defendant’s property for a short line switch or connection with Southport, which in the joint terminal of the Yazoo & Mississippi Valley Railroad Companies in the parish of Jefferson, about one mile from plaintiff’s main line.
“ The petition avers plaintiff’s incorporation and exhibits its charter; that its line is under construction and exhibits a map showing its location and construction on the east bank of the Mississippi river; that at what is known as Southport, on the Mississippi river, immediately above the parish of Orleans and in the parish of Jefferson, is situated the terminus of the Yazoo & Mississippi Valley Railroad Company, which is also used as a terminus by the Illinois Central Railroad Company, and that the necessities of commerce and your petitioner’s business require that your petitioner should have a short-line switch or connection from its main line to the tracks of the Yazoo & Mississippi Valley Railroad Company, so as to make immediate connection with Southport, and that this switch is laid off upon the map marked Exhibit B and indicated by the blue line thereon; that said switch leaves the main line of your petitioner’s road in the property belonging to the estate of Peters, thence through the property belonging to the Yazoo & Mississippi Valley Railroad Company, and thence through a small piece of land «containing about one and one-tenth acres belonging to Bartholomew Morere, who resides in the parish of Jefferson, as will more particralarly appear by plat annexed. The petitioner then describes the Band minutely and the right of way, 100 feet wide, through it. It *1275 avers that it is a low, marshy piece of swamp, containing about one and one-tenth acres, lying between two parallel lines of railroad, the Illinois Central and the Yazoo & Mississippi Valley Railroad, without improvements or fences, which has never been cultivated and is entirely unfit for cultivation, and has never been utilized by. said Morere or his vendors for more than thirty years. The right of way asked for is averred to contain 0.550 of an acre and to be worth about fifty dollars; that in order to avoid litigation plaintiff had tendered defendant two hundred and fifty dollars, which he refused, and that defendant demanded the outrageous and exorbitant sum of four thousand five hundred dollars.
“ Being unable to agree with defendant, plaintiff prayed for the condemnation of the land by a special jury of freeholders and for the notification of defendant according to law. Proper order was granted on this petition, the special jury was summoned, and the defendant was served with a copy of the petition and order, and notified, as the law directs, that the special jury to assess the value of the land and damages would be empaneled on January 15, 1895, at 11 o’clock, at the court house in Gretna.”
The defendant first plead a variety cf exceptions which were overruled, followed by a motion to quash the venire, which was denied, and then he tendered an answer pleading specially that plaintiff did not need his land because it could easily connect at other points with the roads mentioned; and that it was not needed for the lawful purposes of the plaintiff nor for a general use, or a public purpose. And finally he averred that in the event the land should be expropriated, the land was worth four thousand five hundred dollars, on account of the interference the proposed railroad would cause to his drainage, and other inconveniences.
On the trial there was a verdict of the jury and a judgment condemning the land to the uses of the plaintiff, and fixing the value of same at eight hundred dollars; and it decreed that the plaintiff shall not have the right to enter upon or take possession of said land, until it shall have paid the aforesaid sum to.the defendant; and that in case of an appeal from said judgment by the plaintiff, it shall deposit said sum in the hands of the sheriff, subject to the order of the defendant.
It was necessary that this statement should be made, in order to gain a clear idea of the appellee’s motion to dismiss plaintiffs’ ap-. peal, which is grounded on the following objections, viz,:
*1276 1. That plaintiff voluntarily acquiesced in the judgment, in that it did not apply for a new trial, and deposited the amount of the judgment, and demanded and obtained a conveyance and possession of defendant’s land by an order of court on the 18th of January, prior to the finality of same on the 31st of said month; and that by this means it virtually debarred him from asking for a new trial, or of obtaining any other redress whatever.
2. That the appeal has lapsed, because the transcript of appeal was not filed in this court in time.
3. That the appeal was not demanded by the appellant, and made returnable according to law, in that it should have been made returnable within fifteen days after judgment, whereas it was made returnable more than thirty days after the verdict and judgment through the fault of the appellant.
To the first objection it is sufficient answer to say that the defendant tendered in the lower court no motion for a new trial, and has not answered the appeal of the plaintiff and requested any amendment of the judgment by this court; and it is thus made evident that he has suffered no injury on account of the prematurity of the petition for an order of appeal.
The other two grounds may be taken together.
The section of the Revised Statutes (R. S., Sec. 709) on which the defendant relies for making an appeal in expropriation cases, returnable “within fifteen days,” is not applicable to this case — it being governed by the provisions of Sec. 702.
The section defendant relies upon has exclusive reference to injunction suits restraining proceedings for the expropriation of landi which are referred to in the preceding section. R. S., Sec. 708.
The order of appeal makes the appeal returnable on the 17th of April, 1896, and the transcript was filed on the 20th of that month. It was in time.
The motion to dismiss is denied.
Under the law there is, in our opinion, nothing remaining for our consideration but a question of fact relative to the value of the land; for it provides that no appeal in such case shall suspend the execution of the judgment, “ but the payment of the amount of the verdict by the company to the owner, or the deposit thereof, subject to the owner’s order, in the hands of the sheriff, shall entitle the corporation to the right, title and estate of the owner in and to the land 'de *1277 scribed in the petition in the same manner as a voluntary conveyance would do.
“ But in the event of any change being made by the final decree in the decision of the cause the corporation shall be bound to pay the additional assessment or be entitled to recover back the surplus paid, as the ease may be.” R. S., Sec. 702.
Notwithstanding counsel for the plaintiff has characterized the testimony of the defendant in the most unauthorized and remarkable manner, as that of a “would-be blackmailer of this corporation” (brief, p. 9), we are disposed to give full effect to the testimony upon which the jury of freeholders founded their verdict for the sum of eight hundred dollars, as the value of the property. They were selected from the vicinage of the property, and were acquainted with its location and advantages; and more than usual credit is attributable to their verdict. Jurors in such cases are, in a limited sense, experts, and the verdicts they render will not be altered, except when manifestly erroneous. New Orleans & Fort Jackson Railroad Co. vs. McNealy, 47 An. 1298; New Orleans & Fort Jackson Railroad Co. vs. Rabasse, 44 An. 178; Telegraph Cable Co. vs. Railroad Co., 43 An. 525; Railroad Co. vs. Dillard, 35 An. 1045.
Judgment affirmed.