PROYOSTY, J.
This is an expropriation case.
The judge properly refused to allow peremptory challenges in the selection of the jury of freeholders. Civ. Code, art. 2632.
As the jury were going out to view the premises, the judge charged them as follows:
“It is best for you to go and look at the ground in question, because, when you finally come to pass on the case, you may disregard the testimony as to the value of the lot, and affix such value for it as you may think it worth, independent of the testimony in the case.”
The defendant objecting to this charge, the judge added that such was the law, and that he would so instruct the jury in his final charge. The defendant reserved a bill of exception. The final charge was to the effect—
“That the jury was impaneled to assess tkp value of the land described in the petition, and that, while it could accept the assistance of the witnesses in the case, it remained with the jury to determine the credibility of witnesses, the worth and weight of each, and, if it saw fit, to rely on its own estimate, instead of the witnesses.”
This final charge was not excepted to, but we agree with defendant that the two charges must be taken together, and that, so taking them, the one bill of exception is sufficient. We agree further with defendant that, taken as a whole, the instruction is to the* effect that the jury may disregard the testimony, and we agree with him that this is-not the law.
The statute provides that the jury shall decide the case “after hearing the parties and their evidence.” To require them to decide the case after hearing the evidence is to require-them to decide upon the evidence, and they should not be told they may disregard the-evidence. The language is entirely too broad. Inasmuch, however, as they are chosen as experts, and are made to view the premises for the purpose of obtaining direct information, they may be told that they may consider their own information and their own opinions as part of the evidence in the case.
In justice to the eminent jurist who presides over the court a qua, it has to be said that his charge is fully sustained by the decisions of this court in the cases of Carrollton R. Co. v. Avart, 11 La. 190, and Remy v. Municipality, 12 La. Ann. 500, cited with approval in the subsequent decisions bearing upon this point.
But while those cases were thus cited with approval, their doctrine was profoundly modified by the decision in Cable Co. v. R. Co., 43 La. Ann. 525, 9 South. 119. The court there formulated the rule as follows:
“It has long been held in this state that the-jury of freeholders authorized by our laws to-act in expropriation proceedings have, to some extent, the character and authority of experts, supposed to have some personal knowledge of the matters submitted to them, and authorized to rely on their own opinions as well as on the testimony adduced before them. Their verdicts are, indeed, subject to review by appeal, and may be amended when manifestly inadequate or excessive; but they are entitled to great respect, and will not be interfered with except in case of gross or manifest error.”
The paragraph here excerpted is reproduced in the subsequent cases of R. Co. v. Rabasse, 44 La. Ann. 183, 10 South. 708; R. Co. v. McNeely, 47 La. Ann. 1298, 17 South. 798, and R. Co. v. Smith’s Heirs, 51 La. Ann. 1079, 25 South. 955, as being an apt enunciation of the law.
*185 It is noted that under this formula the jury are not at liberty to “disregard” the testimony, but that “they are authorized to rely -on their own opinions, as well as on the testimony adduced before them.” It leaves them free to consult whatever knowledge they may possess outside of the testimony, .and also free to consult their own judgment, and at the same time holds them down to the duty, under their oaths, of giving due weight to the testimony. Far from being authorized to disregard the testimony, they are held bound by it so long as'it has not been ■discredited.
The juror is expected to give up his own notions in deference to the opinions of the witnesses, if he believes that the witness is as honest as himself in his opinion, and is better qualified by business or experience or otherwise to form a correct opinion in the matter. What he must do is weigh the evidence, including his own knowledge and ideas as part of the evidence, as a sensible man would do in any matter of business, and come to a conclusion.
Perhaps, too, he ought to be reminded that his own notions have not, like the testimony ■of the witnesses, undergone the test of cross-examination and of scrutiny and analysis by counsel, and that he ought therefore to be somewhat distrustful of them when they come in conflict with the testimony of witnesses of whose honesty he entertains no doubt.
How far the average freeholder will be able thus to lay aside his own ideas and adopt those of others is another question, but, inasmuch as his verdict must on appeal be reviewed on the testimony, it must be founded ■on the testimony.
It would have been more logical and consistent for the law either to have denied an appeal on the facts, and thus left the jury at liberty to base their verdict exclusively on their own knowledge and opinions, or to have required the jurors to be examined like witnesses, and their testimony taken down for the benefit of the appellate court. Under the present system, the appellate court is called upon to review the verdict without having all the facts upon which the same is founded. Anything more illogical and impractical it would be hard to conceive of. The appellate courts escape as best they can from the impasse in which they are thus placed, by considering the testimony and maintaining the verdict, unless manifestly inconsistent with the testimony. But if the freeholders are experts, and practically witnesses, as in theory they are held to be, the logical thing for the appellate courts to do would be to ascribe to their verdict the same weight precisely as to the concurrent testimony of 12 disinterested experts or witnesses, and, as a consequence, not to set aside their verdict unless, upon the concurrent and uneontradicted testimony of more than the like number of equally disinterested experts or witnesses. It is needless to say that to do this would mean to affirm every verdict, and thus practically to deny an appeal.
The following cases in other-jurisdictions are interesting, upon this question: City of Grand Rapids v. Perkins (Mich.) 43 N. W. 1038; Laflin v. Chicago, etc., R. Co. (C. C.) 33 Fed. 424; City of Kansas v. Baird, 98 Mo. 218, 11 S. W. 243, 562; Lehigh Valley Coal Co. v. Chicago (C. C.) 26 Fed. 415; Thompson and others v. City of Keokuk (Iowa) 16 N. W. 83; Williams v. Lockoman et al. (Ohio) 21 N. E. 358; Sanitary Dist. of Chicago v. Cullerton et al. (Ill.) 35 N. E. 724; Chicago, K. & W. R. Co. v. Willets (Kan.) 25 Pac. 577; A., T. & Santa Fé R. Co. v. Schneider et al., 127 Ill. 149, 20 N. E. 41, 2 L, R. A. 422; Toledo, A. A. & G. T. Ry. v. Dunlap, 47 Mich. 466, 11 N. W. 271; Ft. St. Louis Union Depot Co. v. Jones et al. (Mich.) 47 N. W. 350; Chicago, K. & W. R. Co. v. Parsons (Kan.) 32 PaC. 1085; Munkwitz v. Chicago R. Co., 64 Wis. 403, 25 N. W. 438; In re Willis Ave. (Mich.) 22 N. W. 871; Central Pac. R. Co. v. Pearson, 35 Cal. *187 247; Warner v. Talbot, 112 La. 831, 36 South. 743, 66 L. R. A. 336.
This error in the charge does not, however, necessitate a remanding of the case. All the facts being before this court, the court, can dispose finally of the case. Hoffmann v. Ackermann, 110 La. 1070, 35 South. 293.
The jury seem certainly to have disregarded the evidence in the case. Their verdict was $470, “value of the lot and damages.” Upon the evidence, the court does not see how the value of the lot could be placed at less than $500. Inasmuch as the jury allowed damages, the inference is that they concluded that the remainder of the lot would be made inaccessible to the railroad. On that assumption, the damages are not fixed by any witness at less than $500, and we will fix them at that. In view of the weight to be attributed to the verdict, we adopt minimum figures.
The judgment is therefore increased to $1,000, and, as thus amended, affirmed;' appellee to pay costs of appeal.