(85 South. 883)

No. 24104.

## CITY OF BATON ROUGE v. CROSS.

## SAME v. HART.

(June 30, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Eminent domain** ⬳205 — **Expropriation; evidence held to sustain awards in expropriation proceedings.**

   In proceedings by city to expropriate two city lots, evidence as to value of land *held* not to warrant appellate court in disturbing verdict and judgments for defendants as against defendant's contention that award should be increased.

2. **Eminent domain** ⬳262(4)—**Expropriation; judgment in expropriation suit not disturbed unless clearly erroneous.**

   The verdict and judgment of a jury in an expropriation suit is not binding on the appellate court, and on appeal must be considered only in connection with the evidence *adduced* on the trial of the cause, but the judgment will not be disturbed unless it is clearly erroneous.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Consolidated proceedings by the City of Baton Rouge against T. Jones Cross and against Robert A. Hart. From judgments giving them insufficient relief, defendants appeal. Affirmed.

Cross & Moyse, of Baton Rouge, for appellants.

Jos. A. Loret and H. Payne Breazeale, both of Baton Rouge, for appellee.

SOMMERVILLE, J. The city of Baton Rouge, in these two proceedings which have been consolidated, sought to expropriate two city lots belonging to these two defendants.

The verdict of the jury was for $3,000 for each lot, and defendants have appealed. They ask that the award be increased to $4,500 for each lot.

The only question in the case is one with reference to value. The defendants placed several real estate agents on the witness stand who testified that the lots were worth from $4,200 to $6,000 each, or an average of about $4,600 or $4,700 each. All of those estimates appear to be high; and some of them to be extravagant.

These two vacant lots were the subject of litigation in this court, wherein Reymond & Hart asked to be declared to be the owners of said lots, which had been used as a part of St. Hypolite street for many years. In those cases, reported in 145 La. 162, 82 South. 75, and 145 La. 173, 82 South. 79, the court awarded the property to the plaintiffs, and at the same time rendered judgment in the sum of $10 per month rental for each of said lots. Those decisions were rendered May 5, 1919, and, it might appear from them that the court was of the opinion that the lots were worth about $1,200 each. The two present expropriation suits were instituted about one year later; and the evidence is that within that time the property had increased in value in that portion of Baton Rouge where the lots are located to the extent of 40 to 100 per cent.

[1] The lots were assessed in 1919 at $500 and $400, respectively. The assessor for the city of Baton Rouge, as a witness, and a real estate expert testified that the lot belonging to Mr. Hart was worth $2,200, and that the lot belonging to Col. Cross was worth $2,800 at the time of the trial. Col. Cross testified that he had acquired title to his lot in November, 1919, for $2,000. He also testified that he had offered his lot to the city of Baton Rouge for $3,000 some ten months

before the trial of the case. In addition to this testimony there is the unanimous opinion of the jury of freeholders, who were selected because of their knowledge of the value of real estate in the vicinity, who placed a valuation of $3,000 on each lot.

[2] While it is true that the verdict and judgment of a jury in an expropriation suit is not binding on this court, and that it must be considered only in connection with the evidence adduced on the trial of the cause, yet that judgment will not be disturbed unless it is clearly erroneous.

The jury considered the evidence introduced · on behalf of both sides, and, with their general knowledge of conditions and values of real estate in the vicinity, concluded that each lot was worth $3,000. In the case of City of Shreveport v. Youree, 114 La. 182, 38 South. 135, 3 Ann. Cas. 300, the court quoted approvingly the following extract taken from the decision in Cable Co. v. L., N.′ O. & T. R. R. Co., 43 La. Ann. 525, 9 South. 121:

"It has long been held in this state that the jury of freeholders, authorized by our laws to act in expropriation proceedings, have, to some extent, the character and authority of experts, supposed to have some personal knowledge of the matters submitted to them, and authorities to rely on their own opinions as well as on the testimony adduced before them. Their verdicts are, indeed, subject to review by appeal, and may be amended when manifestly inadequate or excessive; but they are entitled to great respect, and will not be interfered with except in case of gross or manifest error."

The foregoing is reproduced in the cases of Railroad Co. v. Rabasse, 44 La. Ann. 183, 10 South. 708, Railroad Co. v. McNeely, 47 La. Ann. 1298, 17 South. 798, and Railroad Co. v. Smith's Heirs, 51 La. Ann. 1079, 25 South. 955.

The judgments appealed from are affirmed.