OVERTON, J.
 

 This is a suit brought to expropriate 18.73 acres of land, located in the parish of Bossier, near Shreveport, in the parish of Caddo. The reason why plaintiff desires to expropriate .the property is that it wishes to donate it to the United States to form part of a 22,-000 acre tract to be used as an airport, flying field, bombing range, and for other military purposes. The suit was brought under the provisions of Act No. 5 of the extra session of the Legislature of 1928, and under other general laws of the state, governing the expropriation of property. The jury of freeholders returned a verdict in favor of plaintiff, and fixed the value of the land, to be expropriated, at $11,983.15, and the trial judge signed a judgment accordingly.
 

 Defendant, in his answer, pleaded, among-other things, that “all the acts, laws and ordinances and resolutions under which the plaintiff is seeking to confiscate and expropriate his property are null, void, ultra vires and unconstitutional and that same should be so held and declared. That same violate the due process of law clause of the U. S. Constitution.” Defendant filed an answer to the appeal, praying that this plea be considered.
 

 
 *354
 
 . [1-3] It is elementary that all laws are pre.sumed to be constitutional until the contrary is made clearly to appear, and that he who urges the unconstitutionality .of a law must specially plead its unconstitutionality, and show specifically wherein it is unconstitutional. The plea, in this instance, is too vague to put at issue the unconstitutionality of the laws attacked. The court cannot be expected to make an examination to ascertain the various laws under which plaintiff may have acted and to ascertain wherein -they violate the due process clause of the Constitution of the United States, or are otherwise unconstitutional, and, if they are, in what respect they are so, nor can the opposite party to the litigation, under these circumstances, be expected to meet the attack, for he is not sufficiently informed by the plea to undertake the task, and, moreover, the burden is not upon him to show that they are constitutional. See State v. Hudson, 162 La. 543, 110 So. 749.
 

 The sole remaining question brought up •by the appeal is whether defendant has been allowed án excessive amount for the land. The 1S.73 acres, constituting the tract sought to be expropriated, is somewhat irregular in shape, and a part of it is taken up by a non-navigable bayou. The land, however, is fertile, and its closeness to Shreveport and the fact that it is on a paved highway, leading into Shreveport, a railroad only intervening between the property and the highway, gives it a value largely in excess of what it would otherwise have.
 

 Plaintiff showed that defendant’s vendor acquired the property in April, 1926, for $4,-285, and offered several experts who testified that immediately prior to the time of its being known that the flying field would be located in that neighborhood, the land was worth $250 an acre, and that thé improvements on it, which are also being expropriated with it, are worth $2,000, making a total valuation of $6,682.50. Plaintiff also placed several experts on the stand who testified that the land was worth $300 an acre, and the improvements thereon were worth $2,000, making a total valuation of $7,619. Plaintiff further offered evidence to show that defendant’s vendor traded defendant the land for 'a store building and lot in Shreveport and $2,700 additional. It then undertook to show the value of the store and lot, in order to show the value of defendant’s land. The net result of this evidence was that the store and lot were worth $6,000. This, when added to the $2,700, paid in addition, according to that way of determining the value, showed that the land to be expropriated with the improvements thereon was worth $8,700 in January, 1929, after the airport had been assured.
 

 Defendant put one witness on the stand, who testified that the land was worth $650 an acre. Defendant himself testified that the land was worth $650 an acre, and the improvements $2,500. Another of defendant’s witnesses, who, so far as appears, had no interest whatever in the result of the trial, and who was in a fairly good position to know its value, testified that $600 an acre would be a fair price for the land. The record, however, leaves it uncertain as to whether he was testifying as to its actual value or to its speculative value.
 

 The jury inspected the property to be expropriated, and it is fair to presume that their verdict is based, in part, on their in-' spection.
 

 In City of Baton Rouge v. Cross, 147 La. 719, 85 So. 883, the court said:
 

 “In the ease of City of Shreveport v. Youree, 114 La. 182, 38 So. 135, 3 Ann. Cas. 300, the court quoted approvingly the follow
 
 *356
 
 ing extract taken from the decision in Cable Co. v. L., N. O. & T. R. R. Co.; 43 La. Ann. 525, 9 So. 121:
 

 “ ‘It has long been held in this state that the jury of freeholders, authorized by our laws to act in expropriation proceedings, have, to some extent, the character and authority of experts, supposed to have some personal knowledge of the matters submitted to them, and authorities to rely on their own opinions as well as on the testimony adduced before them. Their verdicts are, indeed, subject to review by appeal, and may be amended when manifestly inadequate or excessive; but they are entitled to great respect, and will not be interfered with except in case of gross or manifest error.’ ” To the same effect, though expressed differently, we may cite In re New Orleans & Gulf R. R. Co. v. Frank, 39 La. Ann. 707, 2 So. 310 ; New Orleans, Fort Jackson & Grand Isle Railroad Co. v. Rabasse, 44 La. Ann. 178, 10 So. 708 ; New Orleans & Western Railroad Co. v. Morere, 48 La. Ann. 1273, 20 So. 733 ; New Orleans v. Manfre, 111 La. 927, 35 So. 981 ; Louisiana Ry. & Navigation Co. v. Knox, 125 La. 454, 51 So. 493.
 

 Considering the verdict in connection with the evidence, we are not prepared to hold that the verdict is manifestly erroneous.
 

 The judgment appealed from is affirmed.