No. 4096

Second Circuit

LOUISIANA HIGHWAY COMM. v. SPIKES

(January 14, 1932. Opinion and Decree.)

Argued before DREW, McGREGOR and STEPHENS, JJ.

L. L. Morgan and A. S. Cain, Jr., of New Orleans, and D. M. Ellison, of Baton Rouge, attorneys for plaintiff, appellant.

Wm. H. Mecom, of Columbia, attorney for defendant, appellee.

* STEPHENS, J. The plaintiff, Louisiana Highway Commission, has instituted this suit for the purpose of expropriating a strip of land through the property of the defendant John D. Spikes. It is alleged in plaintiff's petition that in order to complete the construction of the Columbia-Corey Highway, State Project No. 2050, it is necessary to secure a right of way over and across the land of the defendant 200 feet wide and 616 feet long, containing 2.83 acres.

The defendant answered admitting the ownership of 11.63 acres of land through which the plaintiff seeks to expropriate a right of way, and averred that the taking by the plaintiff of a strip 200 feet wide by 616 feet long in the manner proposed would operate the complete destruction of the value of the whole of his property, which he estimates to be $2,000. He prayed for a verdict in that amount.

A trial resulted in a verdict by the jury, which was made the judgment of the court, awarding defendant $700 for the value of the land taken and damages incident thereto.

From that verdict and judgment the plaintiff prosecutes this appeal.

If it is tacitly conceded that there exists a public necessity for the expropriation of the strip of land, the sole questions presented for consideration are:

(1) What compensation should be allowed defendant for the property actually taken?

(2) What amount should be awarded the defendant for damages to the residue of the property caused by the work to be done and the granting of the right of way?

The property of the defendant has a frontage of 533 feet on the gravel road known as State Route No. 14, and a depth between approximately parallel lines running at right angles to the road, of 905 feet. It consists of 11.63 acres and a small house, of little value. The right of way sought to be expropriated intersects the north line of the defendant's property about midway between its front and rear and proceeds through it in a southeasterly direction in such manner as to segregate a triangular lot of about 1½ acres on the east and an irregular lot of the remaining acreage on the west. It is the intention of the plaintiff to construct a fill through the property of the defendant which will require 6,500 yards of dirt. The fill at its highest point will be about 4½ feet above the general level of the ground. This fill will make it necessary for the defendant to construct two bridges each about 40 feet in length from his resulting property lines to the concrete road which is to be built on the right of way, in order to render his lots accessible to the road and one to the other. As there is no obligation on the part of plaintiff to fence its right of way, the defendant will be compelled to erect approximately 1,232 feet of fence along the property lines resulting from the expropriation.

Mr. Erskins, a witness for the plaintiff, fixed the value of the land to be taken at $40 per acre. It was assessed at approximately $45 per acre. Mr. Mosely, witness for the defendant, testified that he paid $132.50 per acre for land about 400 yards from the property of defendant, but that he judged that it was about 8 feet higher. Mr. Matthews for the defendant testified that he offered the defendant $1,300 for the whole of the property, and that he considered the house worth about $175; and that after the expropriation of the right of way he did not consider the remaining property worth more than $250. Mr. Tyler for the defendant testified that the property was worth $1,500; that he offered the defendant $1,000 for it; that after it is cut up by the proposed right of way he would not want it at all; and that $250 would be a big price for it. Mr. Haney testified that he offered the defendant $1,000 for the entire property in 1929; and that after the proposed right of way is granted the remaining land would be undesirable and of little value. The defendant in his own behalf testified that he considered the property before the expropriation of the right of way worth $2,000, and the remaining lots, after, worth about $400.

In view of the admitted facts and the testimony of the witnesses, we are of the opinion that the finding of the jury and the court is a fair and conservative estimate in the aggregate of the value of the property to be expropriated, and the damage resulting therefrom. A preponderance of the evidence establishes the value of the land sought to be taken at more than $75 per acre. If that amount be accepted as the value per acre, the defendant would be entitled to compensation in the sum of $212.25 for the 2.83 acres taken. If we ac-

cept $75 as the value per acre, and $400 as the value of the residue after the taking ($400 was the highest value placed thereon), the damage to the residue, determined by taking the difference between the value thereof immediately before and immediately after the expropriation, would be $260. These two sums added amount to $472.25. The jury allowed $450 to cover these items.

In addition thereto, the jury of experts selected from the vicinage awarded the defendant $150 for fences and $100 for approaches or bridges. These damages as to the amount are not clearly supported by the evidence, but do not appear manifestly excessive. A jury in an expropriation proceeding may consider evidence in the light of their own general knowledge of conditions and values existing in the vicinity.

"It has long been held in this state that the jury of freeholders, authorized by our laws to act in expropriation proceedings. have, to some extent, the character and authority of experts, supposed to have some personal knowledge of the matters submitted to them, and authorized to rely on their own opinions, as well as on the testimony adduced before them. Their verdicts are, indeed, subject to review by appeal, and may be amended when manifestly inadequate or excessive; but they are entitled to great respect, and will not be interfered with except in case of gross or manifest error." Postal Tel. Cable Co. v. L., N. O. & T. R. Co., 43 La. Ann. 525, 9 So. 119, 120; City of Shreveport v. Youree, 114 La. 182, 38 So. 135, 3 Ann. Cas. 300; City of Baton Rouge v. Cross, 147 La. 719, 85 So. 883; Railroad Co. v. Rabasse, 44 La. Ann. 183, 10 So. 708; Railroad Co. v. Mc-Neely, 47 La. Ann. 1298, 17 So. 798; Kansas City, S. & G. Railroad Co. v. Smith's Heirs, 51 La. Ann. 1079, 25 So. 955.

The judgment appealed from should be affirmed, and it is so ordered.