196 So. 328

### HOUSING AUTHORITY OF NEW ORLEANS v. WEIS et al. (LAVIGNE REALTY CO., Inc.).

No. 35387.

April 29, 1940.

William J. Guste, of New Orleans (John Pat Little and Moise W. Dennery, both of New Orleans, of counsel), for plaintiff and appellee.

Edmond E. Talbot, of New Orleans, for defendant and appellant.

HIGGINS, Justice.

The plaintiff instituted condemnation proceedings to obtain from the owner the property bearing Municipal Nos. 2415–17, 2419–21 and 2423–25 Sixth Street, New Orleans, for the construction of the Low-rent Housing Project known as the Magnolia Street Project No. LA. 1–2. A jury of freeholders, after inspecting the property, awarded the defendant Realty Company the sum of $5,300 for all of the land and improvements and judgment was rendered by the district court for that amount. The defendant appealed.

■ The law is clear that the appellate court will not disturb the verdict of a jury in an expropriation case unless the amount granted is manifestly erroneous. New Orleans & Gulf Railroad Co. v. Michael Frank, 39 La.Ann. 707, 709, 2 So. 310; New Orleans, Fort Jackson & Grand Isle Railroad v. Mrs. Ada C. McNeely, 47 La. Ann. 1298, 1300, 17 So. 798; New Orleans & Western Railroad Company v. Bartholomew Morere, 48 La.Ann. 1273, 1276, 20 So. 733; Kansas City, S. & G. Railway Co. v. Smith's Heirs et al., 51 La.Ann. 1079, 1081, 25 So. 955; City of Shreveport v. Youree, 114 La 182, 184, 38 So. 135, 3 Ann.Cas. 300; City of Shreveport v. Pedro, 170 La. 351, 354, 127 So. 865; Louisiana Highway Commission v. Hoell, 174 La. 302, 305, 140 So. 485; Louisiana Highway Commission v. Ferguson, 176 La. 642, 644, 146 So. 319; City of New Orleans, by and through Public Railroad Commission for City of New Orleans v. Atkinson, 180 La. 992, 996, 158 So. 363; Louisiana Highway Commission v. Purpera, 187 La. 219, 220,

174 So. 268, and Louisiana Highway Commission v. Ferguson, La.App., 153 So. 342, 343.

Counsel for the defendant contends that the amount awarded by the jury is manifestly inadequate and the attorney for the plaintiff argues that it is not.

The three expert witnesses for the plaintiff testified substantially as follows: That the defendant's property consists of three double frame houses, four rooms to each side, which are located on three lots of ground measuring 27.3 feet front on Sixth Street by a depth of 120 feet each; that they are of batten-board construction, i. e., the walls being 1"x12" upright boards, with weatherboards on the outside and the interior finished with wall boards and materials of a cheap variety, with the exception of the walls in the kitchens which have no interior finish; that the floors in the kitchens are in bad condition but the floors in the other rooms are fair; that all of the houses have slate roofs and gutters; that the toilets are in sheds in the back yards about 30 feet from the houses and are not in good working order; that there is no electricity in the houses and the plumbing facilities are limited; that the buildings are badly in need of paint; that the sheds and fences are of little or no value; that the houses are of cheap construction and are of an outmoded type and therefore the turnover and vacancy losses are heavy; that they are located in a negro neighborhood, accessible to schools, churches, groceries and markets. The first witness placed a value of $4,838 on the land and improvements, allowing about $1,600 for each place.

He valued the land at $20 per front foot. The other two experts appraised the property at $4,321, placing a valuation of $25 a front foot on the ground.

The president of the defendant corporation testified that during the past 3 or 4 years each side of the houses has been rented for $12.50 per month, and that before the depression they brought from $15 to $18 per side; that they were insured for $6,000; that in the answer to the suit the defendant asked to be awarded $7,500 for the properties; that while the plaintiff did not make any special offer, the books of Carrere & Sons, real estate agents for the Housing Commission, showed that the plaintiff was willing to pay $5,500 for the defendant's properties. Documentary evidence was introduced showing that the plaintiff had purchased the adjoining or the Brock property, Nos. 2407–13, inclusive, Sixth Street, for the sum of $3,600; that the property consisted of two double cottages, 3 rooms each side, which were located on 2 lots measuring 30 feet front by 60 feet in depth, and that this property rented for $10 per side.

The two expert witnesses for the defendant stated that its properties were reasonably described by the plaintiff's witnesses, but that they were in a better state of repair than indicated and had more value than the Brock property because defendant's houses contained one more room on each side, rented for a greater amount, and the lots were twice as deep. One of these witnesses appraised the defendant's property at $6,570, or $2,460 for the land, $3,960 for the houses and $150 for the sheds and

toilets. In 1935, this witness, as an official appraiser for the United States Government, valued the properties at $6,000. He justified his increase in the present value of the properties to more favorable conditions in the real estate market. The other witness appraised the properties for $6,400, valuing the land at $30 per front foot.

It is clear that the lots in question are twice as deep as those of the Brock property and one of the plaintiff's experts conceded that due to this difference in depth, the defendant's lots were worth an additional one-third or one-fourth more than the value of the Brock property. Mere calculations show that the defendant's houses yielded each $5 per month more rent than the Brock property and that they were not only in better repair but that they contained an additional room on each side. Considering the amount that the plaintiff voluntarily paid for the Brock property, the jury should have awarded the defendant at least $5,400 for its properties, and, on the basis of what the plaintiff was willing to offer through Carrere & Sons, the award of the jury should have been at least $5,500. Taking into consideration the difference in the amount of rental, the greater depth of the ground, the additional rooms and the better state of repairs of defendant's properties as compared with the adjacent Brock property, we are of the opinion that the award of the jury is manifestly inadequate and that the sum of $2,000 each for the buildings and lots represents a fair valuation.

For the reasons assigned, it is ordered, adjudged and decreed that the judg-

ment of the district court be amended by increasing the amount allowed defendant from $5,300 to $6,000, with legal interest thereon from judicial demand, and, as thus amended, affirmed; the plaintiff to pay all costs of court, including the $25 curator's fee.

O'NIELL, C. J., does not take part.