197 So. 247

## HOUSING AUTHORITY OF NEW ORLEANS v. POLMER et al.

### No. 35383.

May 27, 1940.

Rehearing Denied June 28, 1940.

William J. Guste, of New Orleans (John Pat Little, Moise W. Dennery, and Floyd A. Wallis, all of New Orleans, of counsel) for plaintiff and appellee.

George A. Dreyfous, of New Orleans, for defendants and appellants.

O'NIELL, Chief Justice.

This is a condemnation suit. The defendants are appealing from a judgment expropriating their property and allowing them $3,000 for its value. They are asking for an increase of the amount to $4,960. The only question is whether the property was worth more than $3,000.

The value was determined by a jury of freeholders. The only reason for doubting that their award was sufficient is that the property was rented for $50 a month; which, without explanation, would indicate that the property was worth for investment purposes all that the appellants are claiming. But the fact is that the property was of the kind that is very likely to be vacant and that cannot be rented to any but tenants having very little if any financial responsibility. The property consists of two small double cottages and two lots adjoining each other and so small that there is no yard space. The neighborhood is inhabited ex-

clusively by colored people who are too poor to pay much rent. The houses contained three rooms each. They were frame buildings, about thirty years old, of cheap construction and not in thorough repair. The witnesses who estimated the value, and who seemed to have some expert knowledge as appraisers, gave detailed reasons for their estimates of the replacement value of each house, and of the deduction for age. The members of the jury also inspected the premises and made their own appraisement. There is little or no dispute about the value of the land.

The case is governed by the rule that an appellate court should not amend an award made by a jury of freeholders in a condemnation suit unless the verdict is based upon a palpable error, such as an error of calculation, or is so obviously inadequate or excessive as to be suggestive of favoritism. New Orleans & Gulf Railroad Co. v. Frank, 39 La.Ann. 707, 2 So. 310; Postal Telegraph Cable Co. v. Louisville, New Orleans & Texas Ry. Co., 43 La.Ann. 522, 9 So. 119; New Orleans & Western R. Co. v. Morere, 48 La.Ann. 1273, 20 So. 733; Kansas City Shreveport & Gulf R. Co. v. Smith's Heirs, 51 La.Ann. 1079, 25 So. 955; City of Shreveport v. Youree, 114 La. 182, 38 So. 135, 3 Ann.Cas. 300. The courts and the text writers all agree that in the matter of estimating values more discretion is vested in the fact-finding tribunal in condemnation proceedings, and correspondingly less authority is vested in the appellate courts in such cases, than there is in ordinary civil suits. Orgel on

Valuation under the Law of Eminent Domain, Sec. 128, pp. 429–436. The reason for the rule, of course, is that a jury of freeholders in a condemnation suit is regarded to some extent as a commission of experts on valuations. Louisiana Highway Commission v. Hoell, 174 La. 302, 140 So. 485; Louisiana Highway Commission v. Ferguson, 176 La. 642, 146 So. 319; City of New Orleans v. Atkinson, 180 La. 992, 158 So. 363; Louisiana Highway Commission v. Ferguson, La. App., 153 So. 342. An inspection of the premises by the jury of freeholders tends also to make the jury better qualified to appraise the property than the members of an appellate court are, who have never seen the property. New Orleans, Fort Jackson & Grand Isle Railroad Co. v. McNeely, 47 La.Ann. 1298, 17 So. 798; City of Shreveport v. Pedro, 170 La. 351, 127 So. 865; Orgel on Valuation Under Eminent Domain, Sec. 127, pp. 424–429.

The judgment is affirmed.