ON THE MERITS:
Plaintiff has appealed from a judgment of the trial court sustaining a peremptory exception and dismissing his petition for a rule to show cause. Reversed and remanded.
Dave L. Pearce, Commissioner of Agriculture, petitioned the 13th Judicial District Court, Parish of Evangeline, for a rule to show cause why the defendant should not be enjoined from violating Regulation 5, Sec. 1, Subsec. B, of the Louisiana Livestock Sanitary Board alleging:
“That the said defendant violated the above regulation, particularly but not exclusively, in that he purchased certain animals from the Dominique Stock Yard, Alexandria, Louisiana, on November 7, 1969, which had not been tested for Bru-cellosis, under the pretext that the said animals were to be carried immediately for slaughter to the Mamou Packing Co., Mamou, Louisiana, Evangeline Parish.”
The trial judge dismissed plaintiff’s petition in a judgment entitled, “Judgment on Exception”, apparently directed at an absence from the petition of an element urged by the defendant in one of his peremptory exceptions of no right and no cause of action:
“This is completely unnecessary because there is no allegation that the defendant will purchase cattle in violation of said regulation.”
We think that ruling to be in error for there is no strict requirement of pleading for a proponent of an injunction to plead a fear of future violations. When a petition is excepted to as failing to state a cause of action, the whole petition must be considered in its entirety, Weber v. H. G. Hill Stores, Inc., 210 La. 977, 29 So.2d 33 (1946). In this instance, we are satisfied that the petition does establish a reasonable fear or reasonable expectation that the defendant would violate the regulation at a future date.
We do not consider it necessary at this time to consider appellee’s argument that the regulation sought to be enforced is unconstitutional. Unconstitutionality must be specifically raised by pleadings in the trial court. City of New Orleans v. Plotkin, 205 La. 490, 17 So.2d 719 (1944); City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (1930).
For the foregoing reasons, the decision appealed from is reversed and remanded. Assessment of costs to await the final outcome of the case.
Reversed and remanded.