Dear Mr. Burton:
We are in receipt of your request for an Attorney General's opinion regarding the proper advice the Board of Election Supervisors of Caddo Parish should give election workers and the general public on the matter of assistance in voting. You seek an opinion on the following questions:
 1. When a voter wishes to vote and states that he is handicapped and will need assistance in voting but has not provided a physician's certificate to the Registrar of Voters prior to election day and does not have the physician's certificate for presentation to the commissioner at the polls, may that voter receive assistance to vote?
 2. Does La. R.S. 18:564 envision that voters who request assistance on election day due to a recent accident or event and do not have the necessary statement from their physician will not be allowed to vote due to a lack of assistance or rather, only be allowed to vote without assistance?
 3. In relation to La. R.S. 18:564, if a person who has a visible handicap but who has not filed the physician's statement per this section of law and who could only vote with assistance, be denied the right to vote because the law doesn't allow him any assistance?
 4. Considering federally-mandated handicapped accessibility laws should disabled voters who have not supplied a physician's certificate be informed at the polls that a) they can vote but cannot receive assistance even though this preclusion may negate their ability to vote or b) be informed that while their right to vote has not been abridged it was their failure to present a physician's certificate that precluded their voting?
 5. If the computer poll list of registered voters does not state that the voter has been marked as `handicapped' and the voter has not presented a physician's certificate to the Registrar of Voters relating the need for assistance, and no such certificate is presented by the voter at the polls, who has the responsibility to inform the voter that without such a certificate they will not be able to receive assistance?
 6. Does La. R.S. 18:564 envision a need for the poll commissioner to contact either the Clerk of Court or Registrar of Voters office on election day, if a disabled voter presents his physician's certificate at the polls? Or can the poll commissioner review the physician's statement and allow assistance to the disabled voter without contacting the Clerk or Registrar attaching the certificate to the required records?
Although federal law provides that "any voter who requires assistance to vote . . . may be given assistance by a person of the voter's choice ", 42 U.S.C.A. 1973aa-6, it has long been established that a state has broad powers to determine the conditions under which the right to vote may be exercised.[1]
The State of Louisiana has done just that with regard to allowing a person to have assistance in voting in compliance with federal law.
Specifically, the Louisiana Constitution[2] provides for voting by secret ballot in all elections by the people. The Louisiana Election Code provides for all voting machines to be constructed and equipped to "[s]ecure to the voter secrecy in the act of voting." La. R.S. 18:1355. "`The secrecy of the ballot is the great safeguard to the purity of elections.'"[3]
In Carrington v. Rash[4], the U.S. Supreme Court reaffirmed the following language from Pope v. Williams[5]
when it quoted as follows:
 `In other words, the privilege to vote in a state is within the jurisdiction of the state itself, to be exercised as the state may direct, and upon such terms as it may seem proper, provided, of course, no discrimination is made between individuals, in violation of the Federal Constitution.'
United States v. Executive Committee of the Democratic Party ofGreen County, Alabama, 254 F. Supp. 543, 545-546 (N.D.AL 1966).
The Louisiana Election Code sets forth the procedure for assistance to voters at the polls on election day. When a person registers to vote for the first time, he may state on his application form whether he requires assistance in voting and the reason therefor. La. R.S. 18:104(A)(13). If a person becomes handicapped subsequent to registering to vote, he is responsible for notifying the registrar either in person or by mail and furnishing a physician's certificate. La. R.S. 18:106(C). This information is required to be indicated on the voter's original application for registration, on the voting certificate, and on any other official registration records. La. R.S. 18:564(D). If the voter fails to provide a physician's certificate prior to the election, he may provide the certificate at the polls.
 LSA-R.S. 18:564, provides in part, as follows:
 * * *
 D.(1) Prior to receiving assistance under this Section, the voter shall file with the registrar in person or by mail a statement setting forth the necessity and reasons for this assistance and shall furnish a certificate of a medical doctor or optometrist certifying to the irremediable nature of the physical handicap as proof of disability. If such statement is filed with the registrar as provided in this Paragraph or if a statement is presented to the commissioner-in-charge on election day pursuant to Paragraph (2) of this Subsection, the registrar shall indicate such facts on the voter's original application for registration, on the voting certificate, and on any other official registration records. The registrar shall retain the statement of disability for thirty days after the election. Thereafter, the voter shall not be required to present evidence of any kind at the polls.
 (2) A voter shall also be entitled to assistance without having filed with the registrar a statement setting forth the necessity and reasons for this assistance if, on election day, the voter presents to the commissioner-in-charge a physician's certificate indicating the voter's inability to vote without assistance because of a physical handicap. The commissioner-in-charge shall attach this certificate to the precinct register.
 * * *
(Emphasis added).
It therefore appears that the right to a secret ballot provided by the State of Louisiana is subject to certain practical limitations where such secrecy is impossible, as in the case of a handicapped voter. However, the fact that the state has recognized exceptions to the right to a secret ballot does not mean that the right is to be loosely protected. It is noteworthy that in no instance does a citizen lose his right to a secret ballot without action on his part which constitutes intentional relinquishment of that right.
Nevertheless, the heart of your questions center on whether or not a commissioner should be instructed to turn away a person who is obviously handicapped and can not physically vote without assistance, but who has failed to present a physician's certificate at the polls on election day to entitle him to assistance in voting. In a Louisiana case, Fanara v.Candella[6], where 17 voters received unauthorized assistance in voting in the election in violation of R.S. 18:564, the trial court stated:
 The Louisiana Election code anticipates problems which may arise with a voter being assisted in casting a vote. The Legislature deemed it important enough to include a detailed provision of law which is RS 18:564, captioned `Assistance in Voting,' which provides, in part, as follows:
 * * *
 So, by way of review, this provision starts off saying, a voter may not receive assistance unless . . . and it goes on to discuss what the `unless' is.
 The law makes it very clear that a voter is not entitled to assistance unless those requirements are met. The evidence, in this case, indicates, that although the commissioners had been properly instructed as to those requirements, they were not properly enforced . . .
The court concluded that the "`[u]nauthorized assistance' of 17 voters constituted a violation serious enough to render the outcome of the election impossible to determine, because there is not evidence as to how these voters voted."[7]
La. R.S. 1:3 provides, in part, that "The word `shall' is mandatory and the word `may' is permissive." The Louisiana Election Code does not provide any discretion to the election officials. Without a physician's certificate, the voter is without legitimate authority to receive assistance in voting, regardless of an obvious physical disability that would prevent the voter from operating the voting machine. R.S. 18:564 is a mandatory precondition for receiving assistance in voting and if it is not satisfied before assistance is extended to voters by election officials, it is the act of assistance pro se which is unlawful and casts doubt on the validity of the vote.
The laws of this State are clothed in a presumption of constitutionality.[8] It is our opinion that the laws on assistance in voting are aimed at securing secrecy in the ballot, and do not attempt to disenfranchise any voter. At the expense of this secrecy, and in order to enable handicapped voters to have assistance in voting, the laws provide a method for such assistance, and do not deprive these voters of any right. Every voter, no matter the nature of their handicap, has a method set forth in the law by which he may exercise his right to vote. It is our opinion that the law does not shut off any class of voters from the ballot, and therefore, was designed by the legislature to accomplish the purpose specified in the constitution.
 Here is our direct response to your questions:
 (1) No, a voter may not receive assistance to vote when he fails to provide a physician's certificate to the Registrar of Voters prior to election day or to the commissioner at the polls on election day.
 (2) LSA-R.S. 18:564 provides a method in which a handicapped voter may exercise his right to vote due to a recent accident or event. It is the responsibility of the voter to follow the law in order to receive assistance in voting.
 (3) The enforcement of R.S. 18:564 will result in the restriction of assistance in voting when a voter fails to present a physician's certificate at the polls on election day, which in turn may result in the restriction of the right to vote. However, the State has the right to determine the conditions under which assistance to voters may be exercised, and we are of the opinion that the State has done so in a reasonable manner.
 (4) Disabled voters who have not supplied a physician's certificate should be informed of the law, that is that they are required to present a physician's certificate in order to receive assistance in voting. If they do not follow the law, the voter shall not be assisted in voting.
 (5) The commissioners working the precinct should be able to inform the handicapped voter that he is not entitled to assistance in voting unless he presents a physician's certificate.
 (6) There is no need for the poll commissioner to contact either the Clerk of Court or Registrar of Voters on election day if a handicapped voter presents a physician's certificate. The commissioner can review the certificate and attach it to the precinct register and allow the voter to vote with assistance.
We hope this opinion addresses all of your concerns. If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE
Assistant Attorney General
RPI/ARL;cwr
Cc: Hon. Jerry M. Fowler Hon. W. Fox McKeithen
[1] Carrington v. Rash, 380 U.S. 89, 91, 85 S.Ct. 775, 777,13 L.Ed.2d 675 (1964).
[2] La. Const. Art. XI, Sec. 2 (1974).
[3] Nelson v. Miller, 170 F.3d 641, 651 (C.A. 6th Cir., 1999).
[4] 380 U.S. 89, at 91, 85 S.Ct. 775, at 777, 13 L.Ed.2d 675
(1964).
[5] 193 U.S. 621, at 632, 24 S.Ct. 573, at 575, 48 L.Ed. 817
(1903)
[6] 94-491 (La.App. 3 Cir. 4/18/94), 640 So.2d 406.
[7] Id. at 416.
[8] City of Shreveport v. Pedro, 170 La. 351, 127 So. 865
(La. 1930).