(36 South. 877.)

No. 15,032.

LOUISIANA RY. & NAVIGATION CO. v. JONES.

(June 20, 1904.)

EXPROPRIATION PROCEEDINGS—DAMAGES.

1. In expropriation under the eminent domain, the owner is entitled to the market value of the property taken, and to such damages as may result to the remainder of the property of which the expropriated property forms a part, and to nothing else. It is not a question of the value of the property to the owner, or its adaptability to the uses of the owner, but of its market value; taking into account, however, all the considerations that would weigh at private sale.

(Syllabus by the Court.)

Appeal from Twenty-Fourth Judicial District Court, Parish of West Feliciana; Charles Kilbourne, Judge.

Action by the Louisiana Railway & Navigation Company against H. W. Jones. From the judgment, plaintiff appeals. Modified.

Samuel McC. Lawrason, for appellant. Joseph L. Golsan, for appellee.

PROVOSTY, J. The plaintiff railroad seeks to expropriate a right of way across defendant's property, and appeals from a verdict allowing defendant $50 per acre for the property, and $845 of damages.

The damages are claimed on the theory that the land proposed to be taken is worth to defendant far more than its market value, owing to the fact that the situation of his business is such that he is compelled to live in that neighborhood, and that this is the only piece of land available to him as a site for a home. Defendant's land is a tract of 16 to 18 acres situated in the parish of West Feliciana, near Tunica Bluffs, on the east bank of the Mississippi river. It begins in the hills, and extends to the river. It is wedge-shaped, the sharp end of the wedge being towards the river. On the opposite side of the river is Raccourci Island, on which defendant has large planting interests, and also a manufactory of excelsior. These lands on Raccourci Island overflow, so that defendant cannot live on them, and he has been living on this small tract of land on the West Feliciana side of the river, as being the nearest spot available for a home. Heretofore defendant has been living on that part of the land between the river and the hills, but the high waters of 1897 and 1903 overflowed his premises; and he testifies that since 1897 he has been advised by his physician to abandon the present location of his residence, and establish himself on the higher part of the land, and that the particular part of the land proposed to be taken by plaintiff is the only level portion available to him as a building site, and that the

other parts are so cut up that the expense of leveling anywhere a site for a home would be very great. What this expense would be, is not stated. Defendant says he has tried in vain to buy other land in the neighborhood. He says further that the land proposed to be taken by the railroad being the only level part of the high land, and the only available place for a residence, he will practically be deprived of his entire property, if deprived of this particular spot, and that the injury to him will be fully $5,000, and he claims that amount.

We find no reason to disturb the verdict of the jury in so far as the amount allowed for the land is concerned. But the allowance for damages cannot be sustained. There is not one iota of evidence to show that the rest of the property of defendant will be damaged. Granting that defendant himself personally will be greatly inconvenienced, if, desiring to move his house from its present location to higher land, he can find no place to move to after this part shall have been taken by the railroad, and granting that this inconvenience will represent to him the full amount of $5,000, which he names as his loss, yet he can recover no more than the market value of the land taken, and the jury has allowed him that in full. It is a well-settled rule that in such cases the amount to be paid is determined by market value, and that "it is not a question of the value of the property to the owner." Lewis on Eminent Domain, p. 624. Besides, defendant has not testified that he intends to move his home from its present location to the spot in question, or that he would do so in case it was not taken by the railroad, but only that his physician has been advising him to do so since 1897. Non constat that defendant would move to this spot even if the railroad did not take it.

The judgment is reduced to $155, and, as thus reduced, is affirmed. Costs of appeal to be paid by defendant.