LAND, J.
Plaintiff sued to recover the sum of $291.60, the alleged value of 162 saw logs wrongfully converted by defendant.
The district judge rendered judgment in favor of plaintiff for the sum of $140.65, and defendant appealed to the Court of Appeal, parish of Orleans.
The appellate court found, as did the district judge, that the defendant had converted to his own use 125 logs belonging to the plaintiff, and the defendant was liable for their value.
The district judge allowed plaintiff $4.50 per M of lumber contained in the 125 logs. This was the value per M set forth in the statement annexed to plaintiff’s petition.
The Court of Appeal said:
“This judgment, however, is, in our opinion, erroneous. Plaintiff is entitled only to the value of his logs plus his profit on the lumber, less the expenses incurred by the defendant in reducing these logs to lumber.”
For this reason tjie judgment was reversed, and the case remanded for further evidence as to the value of the logs.
The result of the second trial in the district court was a judgment in favor of defendant, from which plaintiff appealed to the Court of Appeal.
On this second appeal the court found that, including profit, the logs were worth $6.38 per M, and on that basis rendered judgment in favor of the plaintiff for $199.37.
Defendant applied to this court for writs of certiorari and review, which were granted, on the apparent showing that the Court of Appeal had allowed plaintiff a greater valuation per thousand than he had sued for.
In the last opinion of that court is the following remark:
“Suit being instituted for $4.50 per M.” This statement is correct, as shown by the itemized account annexed to the petition, giving the number of logs, their length, board measurement, and value on the basis of $4.50 per M feet.
One of the plaintiffs, in his deposition taken before the first trial in the district court, testified that the amount sued for represented the proper and customary value of lumber at that time at the rate of $4.50 .per M. It is evident from the allegations of the petition that plaintiff sued for the value of the lumber converted by the defendant. This value is fixed by the statement annexed to his petition.
Can plaintiff recover on basis of value exceeding that alleged in the petition? We think not. The total claim of $291.60 represents the aggregate value of 162 logs converted into lumber, alleged to be worth $4.50 per M feet. As you increase the measure of value, you increase the amount of plaintiff’s demand.
Plaintiff could not on his pleadings have recovered judgment for more than $291.60 if he had proved the conversion of the whole number of logs as alleged. His failure to make such proof does not change the allegation of value, which applies to each and every log contained in the total.
“If one demand less than is due him, and do not amend his petition in order to augment his demand, he shall lose the overplus.” Code Prac. art. 156. Hence, if plaintiff demanded less than the value of the logs or lumber, he must lose the overplus.
We therefore are of opinion that the Court of Appeal erred in allowing plaintiff a greater rate of v¿luation than that alleged in the petition.
The plea of defendant that the logs were abandoned by the owner is not sustained by the evidence, and we concur in the opinion of the Court of Appeal that the United States statutes relative to rivers and harbors *611 have no application to this contention between private persons as to the ownership of saw logs floating or sunken in a navigable stream. This is a question of state law, and the evidence shows that plaintiff’s ownership was recognized by the defendant, and that all the logs were marked with plaintiff’s brand.
There is nothing in defendant’s contention that plaintiff sued to recover the value of “floating” logs, and therefore could not recover the value of “sunken” logs. The word “floating” refers to the position of the logs in the river, and is, in a general sense, descriptive. The logs were further particularly described as marked in the usual form with the name of the owner. The marks were the only means of identifying the logs, and whether the logs were “floating” or “sunken” matters not, as to the question of ownership or right of recovery.
We gather from the evidence that the logs we^e in transit to the sawmill of the plaintiff, and were sunken in the Tangipahoa river in the same manner as logs belonging to defendant, who was operating a floating sawmill on said stream.
We think that the original judgment of the district court was correct, and it is therefore ordered and decreed that the judgment of the Court of Appeal be amended by reducing the amount from $199.37 to $140.65, and that, as thus amended, said judgment be affirmed. It is further ordered that plaintiff pay all the costs of the proceedings in this court.