a rule of property; hence, even if we doubted its correctness, we should feel compelled to adhere to it.

Judgment affirmed.

———

(62 South. 347.)

No. 19,636.

COMMERCIAL TELEGRAPH CABLE CO. OF LOUISIANA v. PREVOST.

(April 28, 1913. Rehearing Denied June 9, 1913.)

*(Syllabus by the Court.)*

EMINENT DOMAIN (§ 262*)—TELEGRAPH LINE —CONDEMNATION OF RIGHT OF WAY—REVIEW OF AWARD—EXPROPRIATION.

In an expropriation suit for a right of way for a telegraph line, an award of a jury of freeholders of the vicinage on the question of value will not be disturbed unless clearly contrary to the evidence. But the award of such a jury on the question of damages to the remainder of the tract will be reversed, where the evidence fails to show that any diminution of the market value of the property will result by reason of the expropriation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–687; Dec. Dig. § 262.*]

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Thomas M. Burns, Judge.

Expropriation suit by the Commercial Telegraph Cable Company of Louisiana, now the Mackey Telegraph Cable Company, against James W. Prevost. From the judgment, plaintiff appeals. Modified and affirmed.

L. A. Morphy and Dufour & Dufour, of New Orleans, for appellant. T. M. & J. D. Miller, of New Orleans, for appellee.

LAND, J. Plaintiff sued to expropriate a right of way for its telegraph line across a large body of land, known as Weems Island, belonging to the defendant; the said right of way being the same which had been occupied by the plaintiff for several years under an agreement with the defendant.

The jury found a verdict for the plaintiff for the right of way claimed, and for the defendant for $500 for the value of the land taken and $350 damages to the remainder of the property. Plaintiff has appealed.

Several special defenses were interposed by the defendant in the court below; but, as the right to expropriate is conceded, these defenses are not now urged by counsel. The controversy has been boiled down to the question of the value of the land taken and the resultant damages to the remainder of the tract.

The width of the right of way claimed is not specified in the petition, but is described as so much ground as may be necessary to plant poles 150 feet apart and to install guy wires, with the right of ingress and egress to the said Weems Island, for such persons, property, and equipment as may be necessary and proper, generally to maintain said line of telegraph. In an amended petition plaintiff alleged that the exact distance to be traversed by its line across the island was 27,-600 feet; that the work required 175 poles, with an average distance between them of about 150 feet, and 26 guy wires to be anchored at a distance of 8 feet from the butt of the pole, and cross-arms not exceeding 10 feet in length.

The contention of the plaintiff is that the land actually taken does not amount to one acre, worth not more than $15. The result is reached by counting only the ground actually occupied by the end of the poles and of the guy wires, allowing a waste space of six feet around the poles. This calculation excludes the right of way necessary for ingress and egress for the purposes set forth in the petition. For the most part the line runs through a sea marsh intersected by bayous and small streams, rendering it necessary for the employés of defendant to use boats to reach any part of the telegraph line. Consequently the said employés travel

through the property of the defendant both by water and by land. This right of ingress and egress is absolutely necessary for the construction and maintenance of the telegraph line through defendant's premises. The length and width of such a right of way cannot be determined from the evidence; but, as prayed for in the petition, is a general right of passage over the lands of the defendant, as far as may be necessary for the construction and maintenance of plaintiff's telegraph line. The extent and value of the right of way claimed by the plaintiff was left to the determination of the jury of freeholders of the vicinage. Plaintiff paid the taxes on the whole tract for the years 1903, 1904, and 1905 for the use during said years of the right of way claimed in this suit. The records showing the payment of such taxes were offered in the court below, but we do not find them in the transcript. The amounts so paid may have influenced the verdict of the jury, as an evaluation of the right of way by the plaintiff. The jury was composed of freeholders who had the right to a certain extent to be guided by their own knowledge of conditions and values in fixing the value of the right of way in question. On the record before us, we are not prepared to say that the finding of the jury as to the value of the right of way is clearly erroneous. We, however, find no legal support for the finding of the jury as to the item of damages. A telegraph line does not sever the land or present any appreciable obstacle to the free use of the remainder. Defendant cannot recover damages on the theory that hereafter the employés of the plaintiff by their negligence may set fire to the premises, or cause some other injury to his property.

While the "isolation" of the large tract of land doubtless affords gratification to the defendant its impairment in some degree by the construction and maintenance of plaintiff's telegraph line through the premises presents a case of damnum absque injuria, in the absence of evidence tending to show that such "isolation" is an element of the market value of the property.

It is therefore ordered that the judgment below be amended by reducing the amount thereof from $850 to $500, and that as thus amended said judgment be affirmed; defendant to pay costs of appeal.