## No. 7489

### First Circuit

---

## LOUISIANA ELECTRIC CO. v. MOUTON

---

(February 12, 1927. Opinion and Decree.)

---

*(Syllabus by the Editor.)*

1. **Louisiana     Digest—Expropriation—Par. 59.**

In an expropriation suit it is not necessary for the plaintiff to allege the period of time during which the right-of-way will be required nor the exact place of ingress and egress, nor the exact manner in which the right-of-way is to be used.

2. **Louisiana     Digest—Expropriation—Par. 59.**

In view of Civil Code, Article 2630, et seq., and Revised Statutes, Section 1479, in an expropriation suit the court may allow the defendant to amend his answer claiming damages, etc., after plaintiff has closed his evidence, if neither side suffered harm thereby.

3. Louisiana Digest—Appeal—Par. 492, 495.

Appellee cannot answer an appeal on a question which has not been appealed.

Appeal from the District Court, Parish of Lafayette. Hon. W. W. Bailey, Judge.

Action by Louisiana Electric Company, Inc., against Azelie Mouton and husband.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Mouton & Debaillon, of Lafayette, and Pujo & Bell, of Lake Charles, attorneys for plaintiff, appellant.

St. Julian, Fouret & Mouton, of Lafayette, attorneys for defendant, appellee.

ELLIOTT, J.    Suit to recover right-of-way for a high-powered transmission line, etc.

The plaintiff brought suit to expropriate a right of way for a high-powered transmission line over the land and through the inclosure of the defendant. Defendant excepted to plaintiff's petition on the ground that it did not allege the time during which the right-of-way was to be exercised nor any definite place of ingress and egress, nor the manner in which the same was to be used.

The exceptions were overruled and defendant, then answering, denied that a right-of-way was necessary through her inclosure and prayed that plaintiff's demand be refused and rejected. The case was tried before a jury of freeholders, who returned a verdict in favor of the plaintiff, fixing the value of the land to be taken at $7.00 and defendant's damages at $157.50. Judgment in favor of the plaintiff for the right-of-way was rendered, the value of the land fixed at $7.00 and the damages at $157.50, which the plaintiff was required to pay.

It was not necessary for the plaintiff to allege the period of time during which the right-of-way will be required. The plaintiff does not know. The petition is practically a prayer for a right of way during the period of its chartered existence. An exception of the kind was considered and decided by the Supreme Court in Railroad Co. vs. Hinds, 50 La. Ann. 781, 24 South. 287, and was ruled on adversely to the defendant.

As for the extent and place of ingress and egress, plaintiff's allegations are in line with those of the plaintiff in Commercial Cable Co. vs. Prevost, 133 La. 44, 62 South. 347. The exceptions were properly overruled.

Defendant does not claim damages in her answer, and when she sought to introduce evidence on the subject of depreciation, etc., plaintiff objected on that account. The trial court permitted all the evidence on the subject which either side tendered to go to the jury just the same as if damages had been claimed in the answer, while the plaintiff was offering evidence in chief. After the plaintiff had closed its evidence in chief, the defendant offered to file an amended answer claiming damages, etc. The court permitted the amendment to be filed, directed that it stand as part of defendant's pleadings. When defendant had closed, the court permitted to go to the jury all that plaintiff tendered in rebuttal on that subject. The plaintiff claims that the amendment came too late; but the ruling was correct in an expropriation suit. The record shows that neither side suffered any harm by the ruling and action of the court. The case, Mouton vs. Comeaux, 5 A. 655, has some bearing. Louisiana Railway Naviga-

tion Co. vs. Sarpy, 117 La. 156, 41 South. 477, was an expropriation suit in which the defendant claimed a lump sum of damages. The plaintiff objected when defendant sought to prove the various grounds and causes of damage which went to make up the lump sum. The court sustained the objection and on appeal the ruling was held to be correct; but the case was at the same time remanded in order that the defendant might amend his petition and set out his damages in detail. In an expropriation suit i tis incumbent on the plaintiff to have the damages assessed and to pay same before taking possession. Civil Code, Arts. 2630, etc., and Revised Statutes, Section 1479 (Amd. 123 of 1910). The plaintiff in this case prays that the damages be fixed so that they can be paid as a prerequisite to taking possession as a matter of legal necessity. The court ruled and acted properly.

The jury fixed defendant's damages at $17.50. The plaintiff's appeal is restricted to the question of damages. The plaintiff contends that the amount is excessive. The proximity of the transmission line to defendant's property will be an advantage, likely, if service should be required; but that does not, in our opinion, off.et and meet on equal terms the inconveniences and disadvantages due to the long period of time during which the servitude may be exercised; the time is really unknown. Then there is the further inconvenience, due to the fact that all the time the right-of-way is maintained, it will be quarterly over her inclosure and over the highest part of her field.

The jury saw the premises and we are unable to say that their return is excessive or otherwise erroneous. It is our opinion from the evidence on that subject that the judgment is in that respect correct.

Defendant, in answering plaintiff's appeal, contends that the judgment is correct as to the amount of damages allowed, but that the valuation of the land taken should be increased from $7.00 to $105.00. The defendant has not appealed; neither did the plaintiff from that part of the judgment which fixes the value of the land. An appellee cannot answer an appeal when there is no appeal, and, as stated, there is none in regard to the value placed on the land.

In order for that matter to be reviewed, it will be necessary for the matter to be brought before us by an appeal. As for the value of the land, we, therefore, express no opinion; we have not considered that matter; it is not before us on the present appeal. The judgment appealed from is correct.

Judgment affirmed, plaintiff and appellant to pay the cost in both courts.