## No. ——
### First Circuit

---

## LA. ELECTRIC CO., INC., v. AZELLE MOUTON, WIFE.

---

(February 15, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 625.**
The finding of the jury of free holders on the question of the value of land taken for right-of-way for an electric power line, being clearly correct, is affirmed.

Appeal from the District Court, Parish of Lafayette. Hon. W. W. Bailey, Judge.

Action by Louisiana Electric Company, Inc., against Azellie Nouton, Wife.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Mouton & Debaillon, of Lafayette; Pujo, Bell & Hardin, of Lake Charles, attorneys for plaintiff, appellee.

St. Julian, Fournet & Mouton, of Lafayette, attorneys for defendant, appellant.

ELLIOTT, J. The record, in which the present appeal was taken, was before this court on a previous appeal taken by the plaintiff from a judgment fixing the amount of damages which the defendant had sustained on account of the taking of the right of way described in the petition. Louisiana Electric Co. vs. Mouton, 5 La. App. 628, 629.

The present appeal is by the defendant and involves the value of the land taken for the purpose of erecting poles and anchors necessary in the construction of plaintiff's power line across defendant's land. The value of the land required for such purposes was estimated by a number of witnesses in the vicinity, called by defendant, at all the way from 10% to 50% damages to the tract. Plaintiff called as many in rebuttal who testified that defendant's tract of land would not be, in their opinion, depreciated in value by the taking.

The jury of freeholders visited the land in question before hearing the evidence on the subject, and then, after hearing the evidence and charge of the court, they fixed the value of the land taken at $7.00.

The defendant contends that the taking may endure for ninety-nine years. This is a possibility, but the witnesses and the jury had that question before them and after considering all that has been said on the subject, we do not feel able to say that the jury erred in fixing the value of defendant's land, which plaintiff needs for the purpose of its power line, at the amount stated.

Judgment affirmed. Plaintiff to pay the cost in the lower court, defendant the cost of appeal.