ROGERS, Justice.
 

 This is a proceeding by the Louisiana Highway Commission to expropriate for highway purposes a strip of land, 80 feet wide, through the northern end of a tract of land owned by J. B. Ferguson. The tract of land is within the corporate limits of the town of Den-ham Springs, and has an área of 13.60 acres. The strip of land sought to be expropriated contains .06 of an acre.
 

 The highway . divides defendant’s 13.65 acre tract of land into two parts, one part being a narrow strip, containing 1.10 acres, lying north of the highway, between the highway and the right of way of the Baton Rouge, Hammond & Eastern Railroad, and the otter part, containing 11.59 acres, lying south of the highway.
 

 Defendant, in his answer to the suit, claimed $480 as the value of the strip of land to be expropriated, $550 for damages to the strip of 1.10 acres lying north of the highway, and $1,041 damages to 3.47 acres of the 11.59 acres lying south of the highway. The jury of freeholders impanelled to try the case, assessed the value of the land to be exproimiated at $200, and rejected defendant’s claim for damages to the remainder of his property. Defendant has appealed, asking that the judgment in his favor be increased to $2,071, the amount claimed by him in his answer to the suit.
 

 It is well settled that in expropriation proceedings the jury of freeholders are, to some extent, regarded as experts, supposed to have some knowledge of the matters submitted to them, and they are authorized to rely on their own opinions as well as on the testimony adduced before them. Their verdiet is entitled to great respect, and should not be interfered with, except 'in case of gross or manifest error. City of Shreveport v. Pedro, 170 La. 351, 127 So. 865, and authorities therein cited.
 

 In view of the jurisprudence, we do not think that the evidence warrants any in
 
 *645
 
 crease of the amount of $200 awarded by the jury for the .96 of an acre expropriated for the highway.
 

 The value of the land involved in this case as fixed by plaintiff’s witnesses ranges from $75 to $100 an acre, while the testimony of defendant’s witnesses is that the land in question is worth from $450 to $500 an acre. Defendant purchased the entire tract of 13.60 acres for $670 on December 26, 1926. It is true that on' September 8th, W. I. Cockerham sold to Mrs. Annie Brown 4% acres of land directly across the railroad from defendant’s land for $1,500, and that during the year 1929 Charles Green sold 2 acres of land “near the depot” about “four acres” from defendant’s property to the Hazelhurst Box Factory for $700. But it is not shown whether the Cockerham property was improved or unimproved property, and, presumably, the Green property was purchased by the box factory because of its peculiar fitness for the vendee’s purposes. However that may be, real estate has rapidly declined in value during the past three years; and the evidence of these sales, as well as the oral testimony as to the value of the expropriated property, was presented to the jury and, presumably, considered by them in reaching their verdict.
 

 The strip of land, containing 1.10 acres, segregated from the main body of defendant’s land by the highway has a frontage of 500 feet on the highway and the same frontage on the railroad,'with a width at one end of 100 feet, tapering to a width of 53 feet at the other end. Defendant claims that this strip of land will be damaged to the extent of $550 and that the 3.47 acres immediately south of the highway will be damaged to the extent of $300 an acre, or a total of $1,041. Plaintiff’s claim for damages is based on his theory that the construction of the highway across his property will entirely destroy the value for industrial purposes of the 1.10 acres and the 3.47 acres abutting the highway.
 

 Damages to land not taken cannot be presumed, and unless the owner shows by competent evidence that the value of his remaining land has been diminished by the taking, compensation will be limited to the value of the land actually taken. 10 R. C. L., Eminent Domain, § 135, p. 154.
 

 Denham Springs is not an industrial-town. It is the center of a purely agricultural community. Plaintiff’s claim for damages to his property is wholly speculative in character. The record is barren of any evidence showing, or tending to show, that defendant’s property has ever been sought for industrial purposes, or that it is more available for such purposes than the other lands in its vicinity. The remote possibility that defendant’s land might at some future time be sought for industrial purposes, and that its value for such purposes has been decreased by this expropriation proceeding, cannot be considered in estimating its present market value for all available uses and purposes.
 

 For the reasons assigned, the judgment appealed from is affirmed; costs of appeal to be paid by defendant.