100 So.2d 917 (1958)
TENNESSEE GAS TRANSMISSION COMPANY
v.
Eloi PRIMEAUX.
No. 4547.
Court of Appeal of Louisiana, First Circuit.
February 3, 1958.
Rehearing Denied March 17, 1958.
Writ of Certiorari Denied April 21, 1958.
*918 Landry, Watkins, Cousin & Landry, New Iberia, for appellant.
George W. Liskow, Lon Tyndall, Lake Charles, for appellee.
ELLIS, Judge.
The Tennessee Gas Transmission Company brought this suit to obtain a right of way across an 80-acre tract owned by Eloi Primeaux. Judgment was rendered in the trial court granting the right of way sought and rendering judgment for the defendant in the total sum of $1,916.90. Plaintiff has appealed from this judgment, contesting only one of the items of damages allowed.
The only question before this court on this appeal is the quantum of the severance damages, this item of damages being set at $800 by the trial judge. These damages were arrived at by the trial judge by setting a five per cent depreciation on the entire 80-acre tract which was valued at $200 per acre.
The right of way granted is 50 feet wide and runs diagonally in a general northeasterly direction from a point slightly west of the middle of the southern boundary of defendant's 80-acre tract to a point slightly west of the northeast corner of defendant's lane. The right of way actually occupies 3.229 acres of land. The tract consists of improved farm land presently used and well suited for raising rice. The entire tract is described as follows:
The East Half of the Southwest Quarter (E½ of SW¼) of Section Twenty-five (25), Township Ten (10) South, Range Six (6) West, Calcasieu Parish, Louisiana, and being the same land described in deed from Wesley DeSormeaux to Eloi Primeaux, dated October 5, 1945, recorded in Conveyance Book 391, page 540, conveyance records of Calcasieu Parish, Louisiana.
The crux of plaintiff's appeal is stated thus:
"At this point we remind the court that the only damages resulting from the expropriation of property that are allowable under the law of this State are the difference between the market value of the property immediately before and immediately after the expropriation. Mere consequential injuries to the owner arising from discomfort, disturbance, inconvenience, injury to business and the like are damnum absque injuria. Commercial Telegraph Cable Company of Louisiana v. Prevost, 133 La. 47, 62 So. 347; Vicksburg, A. & S. Ry. Co. v. Louisiana & A. R. Co., 136 La. 691, 67 So. 553; Louisiana Highway Commission v. Boudreaux [19 La.App. 98], 139 So. 521; Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354; American Tel. & Tel. Co. v. McGuire [219 La. 740], 54 So.2d 4; Central Louisiana Electric Co., Inc., v. Leonards [La.App.], 65 So. 2d 631; Texas Pipe Line Company v. Barbe, 229 La. 191, 85 So.2d 260. It is also well settled that damages to land cannot be presumed, and compensation is limited to the value of the land taken unless the owner shows by competent evidence that the taking diminished the value of his remaining land. In this connection, the burden of proving damages is on the defendant, and such damages must be proved with a legal certainty. Louisiana Highway Commission v. Ferguson, 176 La. 642, 146 So. 319; Louisiana Highway Commission v. Boudreaux, 19 La.App. 98, 139 So. 521; Murff v. Louisiana Highway Commission [La.App.], 146 So. 328, 331. The damages claimed must not be anticipated damages, nor remote or speculative. Louisiana Highway Commission v. Lasseigne, 177 La. 440, 148 So. 672; American Tel. & Tel. Co. v. McGuire, 219 La. 740, 54 So.2d 4; Parish *919 of Lafayette v. Hernandez [232 La. 1], 93 So.2d 672; Texas Pipe Line Company v. Barbe, cited supra."
"That there was no competent evidence to substantiate an award for such damages is evident from the record in this case."
There is no doubt but that the cases cited by plaintiff set forth the well settled law on the question of severance damages. However, it appears from a careful review of the record and the related jurisprudence that severance damages should be allowed in the case at bar.
Plaintiff questions the validity of setting a five per cent rate of depreciation on the entire tract since no basis for this exact percentage may be found in the record.
L. W. A. Campbell, the chief engineer for the plaintiff, admitted that the presence of a pipeline such as the one which Tennessee Gas Transmission Company intended to place on defendant's property created a dangerous situation. The following pertinent language was found in the case of Texas Pipe Line Company v. Barbe, cited supra [229 La. 191, 85 So.2d 270]:
"It must be borne in mind that we are not here dealing with a right of way for a road or highway or a cable buried below plow depth, but are dealing with a right of way for a 16-inch high pressure pipeline transporting high octane gasoline. This pipeline is potentially dangerous. Leaks are expected to occur in the line from time to time, and when leaks do occur explosions may result. The record shows that the pipe extending across these two tracts, for instance, will hold approximately 48,000 gallons of high octane gasoline, and that it would be dangerous to locate any structure or industry over the line or in its immediate vicinity. For these reasons we are convinced that defendants have suffered damages to their remaining property because of the expropriation.
"In Texas Pipe Line Co. v. National Gasoline Co. of Louisiana, Inc., 203 La. 787, 14 So.2d 636, 638, plaintiff (apparently the same company as the plaintiff in the instant case) expropriated a right of way for the construction of a high pressure eight-inch gasoline pipeline buried 18 inches below the surface. In that case the court found that, although there was not much actual danger that a leak would occur in the pipeline, the mere fact that the high pressure pipeline was there had the psychological effect of deterring prospective purchasers of the adjacent land and of impairing the commercial value of the property adjoining the right of way. In affirming a judgment of the lower court awarding severance damages to defendant in that suit this court said:
"`The argument for the plaintiff that there is no real danger or reason for such fear has no force against the fact that the fear exists and is unavoidable. The fear of danger in some cases is as bad as the danger itselfit is a conditionnot a theory.'"
In addition to the danger involved, both of defendant's experts, Jules Reinauer and Maurice Kushner, testified that the presence of a pipeline on a tract of land depreciated the value of the remaining portion of said tract. They were hesitant to set the actual amount of the depreciation and both stated that they had not actually examined the premises in question and for this reason would hesitate to set an exact figure on this item of damages. Kushner stated that in all cases a pipeline would depreciate the property and for sale or rental purposes this depreciation would be from 10% to 20% of the value of the land. Reinauer testified further that the presence of the pipeline created a problem for the owner insofar as the owner must take cognizance of the presence of the pipeline in any construction made on the premises and in alienating smaller tracts from the larger tract.
These experts testified at length regarding the potential value of defendant's property for industrial or residential uses but this value is speculative in nature and cannot *920 be taken into account in arriving at the amount of the severance damages.
The court finds that the instant case is quite similar, on the question of the amount of severance damages and as regards the testimony presented on appeal, to the case of Texas Pipe Line Company v. Barbe, cited supra [229 La. 191, 85 So.2d 270]. The majority opinion in that case stated and we quote therefrom as follows:
"Since we have concluded that defendants in the present case have suffered some severance damages, we have decided, in the interest of justice and under the authority of Article 906 of the Code of Practice, to remand this case to the lower court to permit the defendants to establish by competent evidence the difference between the market value of each tract for sale or rental immediately before and immediately after the expropriation, and in determining this market value the use to which the right of way is being put and the size and irregular shape of the lands on each side of the pipeline must be considered. To make ourselves perfectly clear, defendants must effectively show the market value of each tract immediately before and immediately after the expropriation in order to establish the quantum of their severance damages."
However, the severance damages in the case at bar are fixed with sufficient legal certainty so that a remand for additional testimony is not necessary.
Plaintiff's witnesses testified that there was no severance damages. The District Court could not nor can we accept this testimony. Defendant's witnesses varied but the lowest estimate was ten to twenty percent based upon a value of $200 per acre or $16,000 for the whole. Plaintiffs contend that a per cent estimate is improper, however, when properly interpreted or converted into a monetary value it complies with the required yardstick of proof as laid down in the Barbe case, supra. The District Court, after hearing all the testimony, properly concluded that severance damages had definitely been proven and fixed the amount at 5% of the established value prior to the pipeline crossing. In other words, he fixed the value after the pipeline crossing as having been diminished by 5% of its prior value of $16,000 or $800.
We find one error in the judgment, namely, that defendant should not receive severance damages upon the 3.229 acres according to stipulation embraced with the actual servitude. The amount should be reduced accordingly by the sum of $32.29 for a total of $767.71.
As amended the judgment is affirmed at cost of plaintiff.