HERGET, Judge.
This is an expropriation suit in which the State of Louisiana, through the Department of Highways, expropriated 2.115 acres of land situated in Ascension Parish, Louisiana belonging to John Richard Cannon.
Upon filing the suit, the Department of Highways deposited in the registry of the court the sum of $973, its estimate of just compensation. Defendant answered, seeking additional compensation for the market value of the land plus compensation for alleged damage.
From a judgment of the Trial Court fixing the value of the expropriated land and improvements at the sum of $2,207.50, the Department of Highways appealed. Defendant answered the appeal praying that the award for the land value of the expropriated property be affirmed and for damages to the remainder of the property.
Following the trial of the case the Trial Judge fixed a fair market value of the raw land taken at $500 per acre, totaling $1,-207.50; to this he added the valuation determined by him of $1,000 for depletion of the improvements located on the property expropriated (fencing, cattle guards and a well). Neither litigant disputes the fixation of the value of $1,000 for these improvements. Accordingly, by this appeal we are called upon to review and resolve the correctness of the Trial Judge’s estimate, firstly, the value of the raw land taken, which Defendant, in his answer to the appeal, prays be affirmed; and, secondly, whether Defendant is entitled to the additional sum of $5,000 prayed for by him in his answer to the appeal as damages incurred to the remainder of his property.
The learned Trial Judge, in arriving at his determination of the market value of the property expropriated, disregarded evidence tendered by the Department of Highways of sales of property submitted as being comparable for the reason said sales were not properly categorized as comparable to the market value of Defendant’s property expropriated inasmuch as (1) some of the sales tendered as being comparable were made several years prior to the date of this expropriation and, accord *51 ingly, do not truly represent the market value of the property sought to be expropriated on the date of the taking; (2) other sales tendered represented purchases by relatives within the same family and, accordingly, makes the monetary consideration of doubtful validity; and (3) other sales were of property too distant from the property expropriated, thus lacking eviden-tiary proof of the market value of the property expropriated. The basis of the Trial Judge’s determination of the value of the land expropriated resulted from his consideration of sales offered by Defendant of lands expropriated by the Department of Highways, particularly in suit #8930 State of Louisiana v. Joseph E. Rodriguez in which the Department paid that Defendant in excess of $4,000 per acre, and in suit #8938 entitled State of Louisiana v. Joseph Clinton Rodriguez wherein the State paid the price of $1,000 per acre. In arriving at these valuations the Trial Judge referred to the fact his valuation herein of $500 per acre was only one-half the amount paid in the Joseph C. Rodriguez expropriation, and in his written reasons stated:
“The Joseph Clinton Rodriguez property immediately adjoins the Cannon property, while that of Joseph E. Rodriguez adjoins the Joseph Clinton Rodriguez property. In each case the amount of property taken is substantially the same in width, the total area varying with the amount of frontage on the highway possessed by each land owner. Yet here we have three parcels of land all adjoining, which the same appraisers for the Department have valued in order at $200.00 per acre, $1,000.00 per acre, and $4,000.00 per acre. There is no conceivable explanation for this great difference in value, and no attempt has been made by the Department to explain the discrepancy. In light of the prices paid for the same type unimproved property immediately adjoining his the demand of Cannon that his property be valued at $500.00 per acre can only be regarded as fair and moderate. Accordingly, there will be judgment herein fixing the value of the property taken at the sum of $500.00 per acre.”
The appeal of the Department of Highways is predicated upon the contention of counsel that in fixing the award for tire property herein expropriated the Trial Judge erroneously disregarded the opinions of the experts tendered by the Department of Highways and arbitrarily arrived at his conclusion of the market value of the property upon his own evaluation and knowledge of the property contrary to the explicit pronouncement of the Court in the case of State v. Kemp, La.App., 141 So.2d 487 wherein this Court resolved the Trial Judge substituted his own evaluation and knowledge of the property and disregarded the testimony of the expert witnesses in arriving at the market value of the property.
An examination of the evidence tendered on the trial of this suit makes evident the Trial Judge in this instance did not, as suggested by counsel for the Department, arrive at the market value of the property expropriated arbitrarily, in disregard of the opinions of the experts on the trial of the case, but, to the contrary, resolved the issues upon consideration of evidence — sales of property comparable in value to the property expropriated herein— of other expropriations by the Department, having before him as evidence the entire records in the Rodriguezs’ expropriations of raw lands, properly gave consideration to those awards in fixing the value of the property expropriated herein. In arriving at the market value of property it is preferable that same be fixed upon voluntary sales of comparable property, though certainly no complaint can be genuinely advanced by the expropriating authority when the defendant, in lieu of reliance upon voluntary sales, himself offers values of comparable property in expropriation proceedings paid by the expropriating authority. We find no reason tendered by the De *52 partment why the Rodriguezs’ sales should not be considered as sales of comparable property and we believe the action of the Trial Judge in giving consideration to said sales to be proper. In its written reasons the Trial Court further commented:
“The defendant and four of his neighbors, John Hanna, Carrol Stafford, Clinton Rodriguez, and Alfred Bateman, all testified that the remainder of Mr. Cannon’s property had been damaged in that the construction of the highway blocked the natural drainage of the land and resulted in some flooding of Cannon’s property during hard rains. This was denied by Mr. Dempsey White, the Department’s Senior Project Engineer. Neither Mr. Cannon nor any of the witnesses called on his behalf were able to fix the amount of the alleged damage. Applicable in this connection are the comments of the Supreme Court in the case of State of Louisiana, through the Department of Highways v. Ben Levy, 242 La. 259, 136 So.2d 35:
“ ‘We have no quarrel with defendant’s contentions, but in expropriation matters the defendant has the burden of proving his claim, LSA-R.S. 48:453; State of Louisiana, through the Department of Highways v. Rownd, Jr., [La.App.,] 119 So.2d 282. He must prove that he has sustained a loss susceptible of proof with reasonable certainty. Cf. Scheinuk the Florist, Inc. v. Southern Bell Telephone and Telegraph Co., [La.App.,] 128 So.2d 683; Tennessee Gas Transmission Company v. Primeaux, [La.App.,] 100 So.2d 917; Central Louisiana Electric Co. v. Leonards, 65 So.2d 631, [La.App.,]; Murff v. Louisiana Highway Commission, [La.App.,] 146 So.2d 328. The burden imposed upon the person having his property expropriated is to establish his claims to a legal certainty and by a reasonable preponderance of the evidence; speculation, conjecture, mere possibility and even unsupported probability are not sufficient to support a judgment. Cf. Dowden v. State of Louisiana, through the Department of Highways, 81 So.2d 48 [La.App.,] ; Jeanfreau v. Sanderson, 239 La. 51, 117 So.2d 907.
“After reviewing all of the testimony on this point the Court is of the opinion that the damage if any resulting from the creation of a drainage problem is too remote, speculative, and uncertain to sustain an award. Accordingly, no allowance will be made for this item.”
We are in full accord with the reasons of the Trial Judge above quoted. In addition, we note the testimony of the witnesses indicates Defendant’s property was subject to flooding prior to the construction of the highway.
Affirmed.