LOTTINGER, Judge.
This is a suit for damages which are alleged to have occurred subsequent to the expropriation of the land of the plaintiffs. To one of the alleged itemized damages the defendant filed an “Exception of Res Judicata and No Cause and/or Right of Action”. The Trial Court sustained the exception and the plaintiffs have appealed.
The record points out that Mrs. Edna T. Hatcher, as usufructuary, and Zach T. Hatcher, as owner, of certain immovable property, instituted suit against Gulf States Utilities Company seeking damages in the amount of $36,757.50 as a result of expropriation and occupation of their property by the defendant. The petition alleges the following:
“3.
“That on May 25, 1965, by a judgment of this Honorable Court in cause No. A-7212 on the docket of this Court, said Gulf States Utilities Company expropriated a perpetual servitude and right of way on, over and across plaintiffs’ above described land for the erection, construction, extension, maintenance, inspection and operation of a transmission line or lines and communications facilities, together with the right of ingress and egress at any and all times to, from and along the land covered by said right of way, together with other rights as set forth in said judgment, said right of way measuring 170 feet in width and 4276 feet in length on plaintiffs’ said land.
“4.
“That pursuant to said judgment of expropriation, defendant went upon plaintiffs’ land and constructed several large towers on same and placed electric transmission lines thereon, said construction having been completed on or about April 1, 1967, and since said date, defendant has been and is actually occupying said servitude for the purposes for which it was expropriated, to-wit: the transmission of electric power.
“5.
“That plaintiffs have suffered the following damages, resulting from said expropriation and occupation of said servitude *210 by the defendant, as aforesaid, which said damages plaintiffs are entitled to recover from the defendant, said damages being as follows:
“1. Diminution of value of the remainder of plaintiffs’ property caused by the occupancy and use of said servitude by defendants .$35,862.50
“2. Damages to plaintiffs’ cattle during construction work on said servitude . 245.00
“3. Estimated cost of removing six yards of concrete left on plaintiffs’ land during construction work by defendant. 500.00
“4. Estimated cost of restoring land of plaintiffs which was eroded as a result of a drainage ditch being stopped up during construction work by defendant on said servitude. 150.00
TOTAL .$36,757.50”
To this petition the defendant filed its exception of res judicata and no cause and/or right of action as to paragraph 5(1) of the petition.
In the original proceeding, being No. A-7212 on the docket of the Lower Court, the defendant landowners were awarded $18,993.50 in damages which included severance damages. The judgment was appealed to this Court which in turn amended the judgment of the Lower Court to delete any award of severance damages because of the landowners’ failure to sustain the burden of proof as to the severance damages. See Gulf States Utilities Company v. Hatcher, 184 So.2d 326 (La.App. 1st Cir., 1966). Considering that the issue of severance damages had once before been passed upon, the Lower Court in the instant proceeding sustained the exception, but reserved all rights of the plaintiffs in the case at bar for damages as alleged in Paragraph 5 (2), (3), and (4) of their petition. It is from this judgment, sustaining the exception, that plaintiffs have appealed.
Plaintiffs-appellants contend that the issue of severance damages was not presented in the expropriation proceeding, and therefore, one of the potential elements of res judicata as found in LSA-C.C. Art. 2286, which provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
is missing.
They further contend that under LSA-R.S. 19:2.1, the prescriptive period for seeking damages in an expropriation proceeding is two years after the property is actually occupied and used for the purposes of the expropriation, and, the two years have not as of this time passed.
The defendant-appellee contends that the issue of severance damages was raised in the expropriation proceeding, awarded by the Trial Court, and eventually disposed of by this appellate court. Therefore, the defendant-appellee contends that under LSA-C.C. Art. 2286, its exception of res judicata is well founded.
We have before us the entire record in Gulf States Utilities Company v. Hatcher, supra, and there is no question but that the issue of severance damages was raised. In Gulf States Utilities Company v. Hatcher, supra, this Court discussed the award of *211 severance damages to the landowner as follows:
“The value of the servitude is, therefore, $6054.32.
“Turning now to a consideration of severance damages, defendants offered no evidence as to the amount of such damages that would be proper in this case. We believe that the cases relied on by the trial court do support an award of severance damages based on a fixed percentage of the value of the remaining lands. There is, however, no evidence, convincing or otherwise, on which to base such an award in this case and, therefore, those cases are inapplicable.
“The cases are legion that in instances that where less than the whole of the property is taken severance damages are the difference between the market value of the property immediately before the taking and immediately thereafter. See, for example, State, Department of Highways v. Dodge, La.App., 168 So.2d 430. “It is also settled beyond the possibility of any doubt that the burden of establishing severance damages rests upon the owner. See Central Louisiana Electric Co. v. Covington & St. Tammany Land & Improvement Co., La.App., 131 So.2d 369, and cases therein cited.
“Moreover, the following statement appearing in the Covington & St. Tammany Land Co. case is applicable to this present matter:
‘However, severance damages cannot be presumed and unless the owner of the remaining property shows by competent evidence that the value of his remaining land has been diminished by the taking, compensation will be limited to the value of the land actually taken. 10 R.C.L., Eminent Domain, Page 135, Par. 154; Louisiana Highway Commission v. Ferguson, 176 La. 642, 146 So. 319; Central Louisiana Electric Co., Inc. v. Leonards et al., La.App., 65 So.2d 631.
‘The burden of proving severance damages rests upon the landowner as evidenced by the following appearing in Central Louisiana Electric Co., Inc. v. Leonards et al., La.App., 65 So.2d 631, 632:
‘ “On the question of damages as distinguished from the value of the land or property rights taken, it is well settled that they are the difference between the market value of the property immediately before and immediately after the expropriation, and that mere consequential injury to the owner arising from discomfort, disturbance, injury to business, and the like are dam-num absque injuria. Harrison v. La. Highway Comm., 191 La. 839, 186 So. 354; American Tel. & Tel. Co. v. Maguire, 219 La. 740, 54 So. (2d) 4; Louisiana Highway Comm. v. Boudreaux, 19 La.App. 98, 139 So. 521; Vicksburg A. & S. Ry. Co. v. La. A. & R. Co., 136 La. 691, 67 So. 553; Commercial Telegraph Cable Co. of La. v. Prevost, 133 La. 47, 62 So. 347.
‘ “It is also well-settled jurisprudence that damages to lands cannot be presumed in expropriation proceedings, and compensation is limited to the value of the land taken unless the owner shows by competent evidence that the taking diminished the value of his remaining land. Louisiana Highway Comm. v. Ferguson, 176 La. 642, 146 So. 319. In this connection, the burden of proving damages is on the defendant, and such damages must be proved with a legal certainty. Louisiana Highway Comm. v. Boudreaux, cited supra; Murff v. Louisiana Highway Comm., La.App., 146 So. 328, 331.”
‘Proof of severance damages must be certain and positive as distinguished *212 from uncertain, indefinite, speculative, remote or conjectural. (131 So.2d 369, 379-380)’
“In the present case the defendant really offered no expert at all because defendant’s sole witness, Toler McCutcheon, was a layman with no experience as a realtor and who had merely sold two acres of his own property. He did not testify as to severance damages and his testimony along that line would have been entitled to virtually no weight or consideration whatsoever.
“For the above reasons it is hereby ordered that the judgment below be amended by reducing same to the sum of $6054.32 and otherwise affirmed.”
Under LSA-C.C. Art. 2286, three requirements must be met:
(1) The thing demanded must be the same;
(2) The cause must be the same; and
(3) The parties must be the same.
The severance damages which were sought by the landowners in the expropriation proceeding, and the severance damages which are sought in this proceeding are both derived from the same cause, that is, the expropriation. Therefore, we feel that the second requirement is met. Further, there is no question but that the parties are the same in both proceedings. It therefore follows that we must determine whether the thing demanded is the same.
In the original proceeding, the landowners sought severance damages. These damages were awarded by the Lower Court, but this Court on appeal held that the landowner had not sufficiently carried the burden of proof as to severance damages. The same landowner is again in Court against the same expropriating authority, and arising out of the same act of expropriation, seeking severance damages. The landowner is again in Court attempting to prove and recover that which he failed to prove in the original suit.
It is contended by the landowner that the severance damages which he now claims were not even in existence when the original expropriation proceeding was tried. Severance damages are those damages awarded to a landowner arising out of the damage done to the remaining property because of its severance from the expropriated property. We feel, further, that these damages can be determined at the moment of expropriation and not at some later period. It was for the reason that the landowner in the original expropriation proceeding could not prove any severance damages that the award of the Lower Court was reduced. We are of the opinion that the issue of severance damages has been passed upon once before and is therefore res judicata.
The landowners further contended that under LSA-R.S. 19:2.1, a prescriptive period of two years within which to seek damages is provided. With this provision of the law we have no question, and as to whether severance damages can be determined within this two year period we feel is not an issue inasmuch as the issue of severance damages was covered in the original expropriation proceeding and is therefore res judicata. Therefore, the issue of the two year prescriptive period is of no moment.
Therefore, for the above and foregoing reasons, the judgment of the Lower Court is affirmed. All costs to be paid by the plainti f f-appellant.
Judgment affirmed.